PRICE, Judge.
Francis I. duPont and Company, a commodities brokerage firm, domiciled in New York, brought suit against Willard J. McMikle, a resident of Tallulah, Louisiana, for the sum of $9,961.50. It is alleged that this is the balance owing on McMikle’s account as the result of trading done by him on the commodities market through plaintiff’s Memphis, Tennessee office. Defendant filed exceptions of jurisdiction and of no right of action, contending that he signed a written agreement with plaintiff at the time he opened an account with them in August, 1966, which contained the following clause referring all disputes to arbitration, to-wit:
“Any controversy between you and the undersigned arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance' with the rules, then obtaining, of either the American Arbitration Association, or the Board of Arbitration of the New York Stock Exchange, as the undersigned may elect. If the undersigned does not make such election by registered mail addressed to you at your main office within five (5) days after receipt of notification from you requesting such election, then the undersigned authorizes you to make such election in behalf of the undersigned. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.”
Defendant also filed an answer denying the correctness of his account, and by agreement of the parties the exceptions were tried with the merits. Judgment was rendered for plaintiff as prayed for and defendant perfected this devolutive appeal.
Appellant assigns as error the failure of the trial judge to sustain either of the ex-* ceptions based on the failure of plaintiff to refer the matter to arbitration in accordance with the provision in the customer’s agreement.
Secondly, appellant assigns as error the finding of the trial court that the plaintiff had proven the validity and correctness of defendant’s account by sufficient evidence.
The facts giving rise to this litigation, as we understand them from the evidence, are as follows:
In August, 1966, defendant opened an account with the Memphis, Tennessee office of the plaintiff. At this time he signed the customer’s agreement previously referred to herein, and made the required deposit entitling him to trade on the commodities market. During the period from August, 1966, until about March 15, 1967, the defendant traded extensively in soy beans and wheat through plaintiff as broker. During the latter part of March, 1967, defendant was called on by plaintiff for additional funds for his margin account with them. A $5,000.00 check was tendered in response to this call. This check was returned by defendant’s bank on two occasions for lack of sufficient funds. On March 21, 1967, defendant’s account was closed and all open market transactions were terminated on that date by plaintiff.
Statements of account were rendered monthly to defendant by plaintiff reflecting all purchases and sales made on his behalf during the month and the losses or gains made during the month from completed transactions. After the account was closed in March, 1967, a statement was rendered to defendant reflecting his closing balance to be $9,961.50. He was billed monthly for this amount until suit was filed in December, 1968, a period of ap *679 proximately 20 months. During this period defendant made no complaints to plaintiff about any discrepancies in the account. The account executive who handled this account, Glynn Hollingsworth, testified that he discussed this balance with defendant on several occasions and defendant stated he would pay the account as soon as he could obtain the necessary funds. Defendant admitted under cross-examination that he made no complaints to plaintiff during this period of almost two years that any of the trading on his behalf was not authorized by him or that his balance was incorrect.
Neither of the two defenses relied on by defendant have any merit. Not only is defendant dilatory in claiming that plaintiff is relegated to a submission of this matter to arbitration in accordance with Article 17 of the customer’s agreement, but his only relief under the Louisiana Statute regulating contracts providing for arbitration, is to stay any court proceeding until arbitration has been accomplished in accordance with the contract. LSA-R.S. 9:4202 provides as follows:
“If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.” (Emphasis supplied)
Defendant has not applied for a stay of proceedings in this action, and even if he had done so, it is obvious he would have been in default in proceeding with a request for arbitration because of his inaction for such a long period of time.
Defendant’s other assignment of error relates solely to his complaint that the plaintiff did not prove its demands by sufficient evidence.
Plaintiff introduced in evidence, over the objection of defendant’s counsel, copies of the ledger sheet of defendant’s account. The ledger is maintained in plaintiff’s main office in New York City, where all accounting for its national operation is maintained. The records are prepared by computers as in most modern day operations’ of this size and complexity. An affidavit of the correctness of the balance owed by defendant was executed by a partner of the firm in New York City and attached to the original petition. Copies of all monthly statements rendered to defendant were offered in evidence, and defendant admitted receiving copies resembling these each month. The account executive, Hollingsworth, testified that he was familiar with the accounting procedures of plaintiff’s firm and explained their method of operation.
He further testified that he maintained a daily log of all market transactions made on behalf of defendant, or any other customer. The entire worksheet maintained by him on defendant’s account was introduced into evidence. The transactions contained on this worksheet correlate accurately with the monthly statements and ledger sheets. The only information Holl-ingsworth could not furnish was the amount of credits to the account of defendant by cash payments made by him.
It would be unreasonable to require that plaintiff present in court in Louisiana the various personnel in its New York accounting office to attest to the accuracy of each step in its accounting procedure carried on in that office. This is particularly trué where defendant has not asserted any specific error in his account.
This court has previously ruled that there are exceptions to the general rules of evidence created by necessity and great *680 practical inconvenience in requiring strict proof in accordance with the general rules of evidence. Salley Grocer Co. v. Hartford Accident & Indemnity Co., La.App., 223 So.2d 5.
We can find no prejudice to defendant by permitting judgment to be rendered based on the evidence submitted by plaintiff. He was adequately furnished, on a monthly basis, a detailed accounting of all transactions handled on his behalf, as well as their conclusion for either profit or loss. He does not contend that payments were made for which he was not given credit. He, therefore, has been furnished sufficient information to enable him to determine the accuracy of his account with plaintiff at all times during his dealings with plaintiff. We, therefore, find that this evidence would be sufficient to establish a prima facie case for plaintiff on the account.
For the foregoing reasons, we find no error in the judgment appealed from, and it is hereby affirmed at appellant’s cost.