BOUTALL, Judge.
This is a suit by the contractor against the owner and a sub-contractor to compel arbitration of a dispute arising out of the building contract. The defendants filed exceptions of pre-maturity and of no cause of action. These exceptions were maintained, plaintiff’s suit was dismissed, and it now prosecutes this appeal.
Appellant, Bartley, Incorporated, on January 26, 1972 entered into two identical contracts with the Jefferson Parish School Board for the construction of the Jefferson Parish East and West Bank Senior High Schools. The basic construction of these schools was to be by a unique method utilizing steel frames to which were fastened cement-asbestos panels for the exterior walls. A dispute arose amongst the parties when the architect discovered that the panels were of less thickness than required in the specifications, and on November 8, 1972, the architect advised all of the parties by letter of this failure to meet the specifications. Based upon the dispute of nonconformity of the panels as exemplified in this letter, the contractor seeks arbitration.
The building contract between the parties contains provisions for arbitration of *448 disputes arising out of the contract, and sets out the procedure. These contract provisions are of course the law as between these parties and govern their relationship. We note that the contract does indeed contain provisions which require arbitration of all claims, disputes and other matters in question arising out of or relating to the contract as set out in Article 7, Section 10 of the general conditions of the contract' and certainly the dispute herein comes within the disputes therein defined. Nevertheless, the appellees contend that arbitration is prematurely sought because the procedures necessary to invoke arbitration have not been complied with.
Appellees contend that the general contract requires the contractor to submit to the architect all matters in dispute for his decision, and until such time as he makes a final decision, or has been given a reasonable opportunity to do so, arbitration might not be invoked. A reading of the contract between the parties convinces us that appellees position is correct. We are specifically referred to Article 2, Sections 2.7, 2.10 and 2.11. It is noted that Section 2.7 requires that disputes of this nature shall be referred initially to the architect for decision which he will render in writing within a reasonable time. Section 2.10 recites that any such claim shall be subject to arbitration upon the written demand of either party, however no demand for arbitration may be made until after the earlier date of: 1. The date on which the architect has rendered his decision; or, 2. The 10th day after the parties have presented their evidence to the architect or have been given a reasonable opportunity to do so, if the architect has not rendered his written decision by that date. Section 2.11 provides the maximum periods for demanding arbitration.
The record discloses that the architect’s letter of November 8, 1972 could be considered a decision of the architect such that arbitration may be demanded, and in fact, Bartley, Inc. wrote a letter some thirty days later requesting arbitration. However the subject of the letter written by the architect was that the panels being furnished did not meet the specifications contemplated in the contract. He pointed out that the owner may be willing to make some other arrangements concerning acceptability of such panels. The record then discloses that numerous conferences were had between the owner, the contractor, and a number of subcontractors all concerned with these panels, and that as a result thereof an agreement was reached between the owner and the contractor, with the other parties joining as their respective interests appeared, that certain remedial work and bracing could be used and would be used to strengthen the panels, and the installation would proceed with the altered panels. By virtue of this agreement, it appears to us that the parties to the contract have waived the original contract specifications and so amended them such that the dispute raised in the architect’s letter is now moot, that is, shall the panels originally specified be installed or shall the specifications be changed to use those furnished? All of the parties have reserved their rights in regard to the responsibility and liability for the cost of remodeling and strengthening the construction, and these issues are still viable; however, as to these issues the architect has made no decision as to liability for or amount of increased cost, if any, and it does not appear that he has been requested to do so. The contractual provisions referred to above require such an application before arbitration may be demanded, and until these requirements are met, the demand for arbitration is premature.
Having decided that the exceptions of prematurity are well founded and are maintained, it would constitute dicta for us to discuss the exceptions of no cause of action also urged by the appellees. Similarly one of the appellees, American Equipment and Systems, Inc., has filed third party demands against certain subcontractors to it. These demands were dismissed by the dis *449 trict judge because he dismissed the original suit. Because we also dismiss the suit, we see no necessity to discuss the rights there involved, except for one item/ and that is the assessment of court costs.
The judgment appealed frbm dismissed plaintiff’s suit at its cost, hut assessed the costs of the third party claims against the third party plaintiff American Equipment & Systems, Inc. Article 1920 of the Code of Civil Procedure states that the court may render judgment for costs, or any part thereof, against any party as it may consider equitable. We see no abuse of discretion in the assessment of costs made by the trial judge and we affirm his holding.
For the reasons hereinabove stated, we ar'e of the opinion that the judgment appealed from is correct and the exceptions of prematurity filed by the Jefferson Parish School Board and American Equipment & Systems, Inc., appellees herein are maintained. Appellant shall pay all costs of these proceedings on appeal.
Affirmed.