302 So.2d 280 (1974)
BARTLEY, INCORPORATED, Plaintiff-Appellant-Relator,
v.
JEFFERSON PARISH SCHOOL BOARD and American Equipment & Systems, Inc., Defendants-Appellees-Respondents.
No. 54652.
Supreme Court of Louisiana.
October 28, 1974.
Neal D. Hobson, Charles D. Marshall, Jr., Milling, Benson, Woodward, Hillyer & Pierson, New Orleans, for plaintiff-applicant.
Raymond J. Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Avondale Shipyards, Inc.
*281 Jack A. Grant, Gretna, for Jefferson Parish School Bd.
Edward J. Norton, Jr., New Orleans, for American Equipment & Systems, Inc.
Ralph L. Kaskell, Jr., Deutsch, Kerrigan & Stiles, New Orleans, for Buchanan Blitch & Associates, Inc.
TATE, Justice.
A contractor ("Bartley") sues one of its subcontractors ("American") and the owner ("School Board") to compel arbitration of a dispute arising out of a building contract. Bartley claims that, under the contract the defendants should submit to arbitration relative to (1) a determination of whether certain panels furnished by American to be used in the construction complied with specifications and (2) which party (American or Bartley) should bear the expense of any change order. The School Board and American, resisting arbitration, filed exceptions of no cause of action and of prematurity. The trial court maintained the exceptions, and Bartley appeals. The court of appeal affirmed. 290 So.2d 446 (La.App. 4th Cir. 1974). We granted certiorari. 294 So.2d 543 (La. 1974).
The primary issues before us concern: (1) Did the subcontractor American agree to arbitrate disputes arising as to its performance under the subcontract (the exception of no cause of action)?; and (2) If so, is this demand for arbitration premature because the claims were not submitted to the architect prior to this demand for arbitration (the exception of prematurity)?
Of central concern in the decision of this case is the application of the Louisiana Arbitration Law, La.R.S. 9:4201 et seq. Under La.R.S. 9:4203 (1950)[1] a court, at the request of an aggrieved party, shall order the parties to proceed to arbitration in accordance with the terms of the arbitration agreement, after it is found (a) that an arbitration agreement was made, and (b) that the opponent failed or refused to comply with it. The latter (a and b) are the only triable issues in a suit to enforce an arbitration agreement such as the present. Domke on Commercial Arbitration, Section 17.02 (1968).
1. Exception of No Cause of Action
In this case, there is no denial that the general contract between Bartley and the School Board included an agreement to arbitrate. *282 It is clear that neither the School Board nor American has submitted to arbitration, although Bartley has requested it.
American has alleged that it was not bound to arbitrate, since no specific language in its subcontract with Bartley requires it to arbitrate under the Bartley-School Board contract. (The contracts are in evidence without objection for trial of the exception.)
This contention is without merit.
The Bartley-School Board contract contains a general clause in Article 7, Section 10.1[2] providing for arbitration of "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof." A reading of the subcontract between Bartley and American unquestionably shows that these parties incorporated by reference[3] the Bartley-School Board contract and thus intended to be governed by its arbitration provisions. See J. S. & H. Construction Company v. Richmond County Hospital Authority et al. 473 F.2d 212 (CA5, 1973); Domke on Commercial Arbitration, section 7.01 (1968) (1974 Supp.) See also, Uniroyal, Inc. v. A. Epstein and Sons, Inc., 428 F.2d 523 (CA 7, 1970).
The federal cases relied upon by the defendant as holding to the contrary are Miller Act cases, 40 U.S.C.A., Section 270a et seq., based on special considerations applicable to that federal statute, and are thus distinguishable from the present. See J. S. & H. Construction Co., cited above, at 473 F.2d 214-215 which does so.
2. The Exception of Prematurity
The School Board and American contend that arbitration would be premature on the basis of Article 2, Sections 2.7 and 2.10[4] *283 of the Bartley-School Board contract. These provisions call for referral of claims to the architect prior to making demand for arbitration under Article 7, Section 10.1. Also, there is a contention by the School Board and American that Bartley has waived its right to arbitrate under the contract.
We do not reach the merits of these claims of prematurity and waiver. We determine only that these questions of procedural arbitrability should not be decided by the courts, without having been submitted to the arbitrator, when a party sues to enforce an arbitration agreement.
As noted earlier, Section 4203 of the Louisiana Arbitration Law requires a court to order arbitration, once it finds that there has been an agreement to arbitrate and a failure to comply therewith. Since these triable issues have been here determined in favor of arbitration, the court must order arbitration. The issues of waiver and prematurity address themselves to the arbitrator. They cannot be utilized to prevent the aggrieved party from securing an order directing arbitration, as required by Section 4203. See Domke on Commercial Arbitration, Sections 17.01, 17.02 (1968).
One of the basic reasons for the existence of arbitration agreements is to allow the parties to achieve speedy settlement of their differences out of court. Domke on Commercial Arbitration, Section 1.01 (1968). This purpose would be thwarted if, before being required to perform under the arbitration agreement, parties were permitted to litigate in order to secure an initial judicial determination (preliminarily to arbitration) that procedural formalities of the agreement had been complied with.
In Stone v. Stone, 292 So.2d 686 (La.1974), we interpreted La.R.S. 9:4201[5] to require arbitration when the parties had agreed to arbitrate, "save upon such grounds as exist at law ... for the revocation of any contract". While such grounds were present in Stone, we do not find them here.
Accordingly, under the Louisiana Arbitration Law, the Bartley-School Board contract and the Bartley-American contract require the parties thereto to arbitrate the questions involved.
The judgments of the previous courts are to this extent reversed, and the case is remanded to the trial court for further proceedings in accordance with law. No review was sought of the dismissal of the third party claims of American against Avondale and J. Buchanan Blitch and Associates, Inc., so issues relating to this dismissal are not before us. The costs of review by the court of appeal and by this court are assessed against defendants-appellees, to the extent permitted by law; all other costs are to await final determination of the case.
Reversed and remanded.
NOTES
[1] La.R.S. 9:4203 provides:

"The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' written notice of the application shall be served upon the party in default. Service shall be made in the manner provided by law for the service of a summons.
"The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.
"If no jury trial is demanded, the court shall hear and determine the issue. Where such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of the issue, and upon such demand the court shall issue an order referring the issue or issues to a jury called and empanelled in the manner provided by law.
"If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall issue and order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."
[2] "7.10.1. All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."
[3] "THIS AGREEMENT, made this 1st day of February 1972, by and between AMERICAN EQUIPMENT & SYSTEMS, INC. (herein called the "Supplier") and BARTLEY, INCORPORATED (herein called the "Purchaser").

"By the Agreement dated the 26th day of January 1972 Bartley, Incorporated entered into an Agreement with the Jefferson Parish School Board for the construction of the West Bank Boys/Girls Senior High School for the work described in the Base Bid, Alternate No. 1, Alternate No. 2A, Alternate No. 4A, and Alternate No. 6B, said work to be done in strict accordance with the Plans and Specifications prepared by J. Buchanan Blitch and Associates, Inc., dated October 1, 1971 and Addenda Nos. 1 through 8, and the Proposal of Bartley, Incorporated dated December 8, 1971. All of the said work is to be done to the satisfaction and under the direction of the Architect or any other known capable expert to be retained by the Architect and approved by the Owner.
"All of these Plans, Specifications, Addenda, Proposal, and said Agreement are made part of this Agreement between American Equipment & Systems, Inc. and Bartley, Incorporated just as though all were annexed thereto. The Supplier shall be bound to the Purchaser and assume toward him all of the obligations and responsibilities that he, the Purchaser, assumes toward the Jefferson Parish School Board, in connection with the materials to be furnished by the Supplier pursuant to this Purchase Agreement." (Italics ours.)
[4] "22.7 Claims disputes and other matters in question between the Contractor and the Owner relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be referred initially to the Architect for decision which he will render in writing within a reasonable time."

"22.10. Any claim, dispute or other matter that has been referred to the Architect, except those relating to artistic effect as provided in Subparagraph 2.2.9 and except any which have been waived by the making or acceptance of final payment as provided in Subparagraphs 9.7.5 and 9.7.6, shall be subject to arbitration upon the written demand of either party. However, no demand for arbitration of any such claim, dispute or other matter may be made until the earlier of:
.1 The date on which the Architect has rendered his decision, or
.2 the tenth day after the parties have presented their evidence to the Architect or have been given a reasonable opportunity to do so, if the Architect has not rendered his written decision by that date.
[5] "§ 4201. Validity of arbitration agreements.

A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."