ELLIS, Judge:
This is a damage suit, in which Waterworks District No. 1 of the Parish of Terre-bonne seeks damages from defendant, Al-cide Babin, Jr., doing business as Alcide Babin, Contractors, for allegedly faulty paving work done by defendant. To the petition, defendant Babin filed a motion for a stay of proceedings, alleging that, under the contract between the parties, all disputes between the parties must be referred to arbitration. After a hearing before a judge of the Thirty-Second Judicial District Court, the stay order was granted by judgment of November 26, 1979.
On June 4, 1980, plaintiff filed a motion to rescind the stay order, which was dismissed when plaintiff failed to appear on the date set for trial. On June 23, 1980, plaintiff filed a second motion to rescind the stay order. After a hearing before a different judge, a judgment was signed rescinding the stay order and ordering that the matter proceed forthwith to trial on the merits.
Thereafter, Mr. Babin applied to this court for supervisory writs, alleging the impropriety of the rescission of the stay order. We issued alternative writs of mandamus and certiorari, ordering that the stay order be reimposed or that the record be sent up for review. The alternative has been elected, and we now have the record for decision.
According to the motion for a stay of proceedings, the Project Manual, which forms part of the contract between the parties, contains the following provision:
“All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof except for claims which have been waived in the making or acceptance of final payment as provided in paragraph 14.18 shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining. This Agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitra-tions shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.”
R.S. 9:4202 provides:
“If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.”
*284 Undoubtedly, it was because of the foregoing contractual and statutory provisions that the stay order was initially granted. The motion to rescind the stay order is based on the allegation that, under the terms of the contract between the parties, defendant was no longer entitled to arbitration. In brief, the following provisions of the Project Manual are quoted:
“DECISIONS ON DISAGREEMENTS
“9.9 ENGINEER will be the interpreter of the requirements of the Contract Documents and the judge of the performance thereunder. In his capacity as interpreter and judge he will exercise his best efforts to insure faithful performance by both OWNER and CONTRACTOR. He will not show partiality to either and will not be liable for the result of any interpretation or decision rendered in good faith. Claims, disputes and other matters relating to the execution and progress of the Work or the interpretation of or performance under the Contract Documents shall be referred to ENGINEER for decision; which he will render in writing within a reasonable time.
“9.10 Either OWNER or CONTRACTOR may demand arbitration with respect to any such claim, dispute or other matter that has been referred to ENGINEER, except any which have been waived by the making or acceptance of final payment as provided in paragraph 14.18, such arbitration to be in accordance with Article 16. However, no demand for arbitration of any such claim, dispute or other matter shall be made until the earlier of (a) the date on which ENGINEER has rendered his decision or (b) the tenth day after the parties have presented their evidence to ENGINEER if he has not rendered his written decision before that date. No demand for arbitration shall be made later than thirty days after the date on which ENGINEER rendered his written decision in respect of the claim, dispute or other matter as to which arbitration is sought; and the failure to demand arbitration within said thirty days’ period shall result in ENGINEER’S decision being final and binding upon OWNER and CONTRACTOR. If ENGINEER renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence but shall not supersede the arbitration proceedings, except where the decision is acceptable to the parties concerned.” (Emphasis added.)
The record is devoid of any evidence that any disagreement between the parties was referred to the engineer, or as to when he made a decision thereon.
In any event, however, we are of the opinion that the applicable law is R.S. 9:4203, which provides, in part:
“The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days’ written notice of the application shall be served upon the party in default. Service shall be made in the manner provided by law for the service of a summons.
“The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.”
The foregoing provision of law has been interpreted to mean that a contract for arbitration requires that disputes be settled by that method, and that the courts can only order the parties to proceed to arbitration. The question of whether Babin has a right to arbitration is a procedural question which must also be submitted to the arbitrator. See Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La. 1974).
*285 In this case, there is no question as to the existence of the arbitration contract, or of the failure of both parties to abide by it. The trial judge, therefore, had no authority to lift the stay order, or to do anything other than order the parties to proceed to arbitration. Since this latter relief was not requested, the rule should have been dismissed.
Accordingly, the writ issued herein is made peremptory, and it is ordered that the judgment rescinding the stay order is reversed and set aside, at plaintiff’s cost.
WRIT MADE PEREMPTORY.