396 So.2d 590 (1981)
I.D.C., INC., Plaintiff-Appellant,
v.
McCAIN-WINKLER PARTNERSHIP et al., Defendants-Appellees.
No. 8077.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
Cook, Yancey, King & Galloway, Herschel E. Richard, Jr. and James R. Jeter, Shreveport, for plaintiff-appellant.
*591 John G. Williams and Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Jr., Natchitoches, for defendants-appellees.
Before CULPEPPER, FORET and SWIFT, JJ.
FORET, Judge.
The sole issue before this Court on appeal is whether the trial court properly ordered a stay of these proceedings and directed the parties to arbitration.
I.D.C., Inc. (Plaintiff), in essence, asserted two causes of action in the court below. First, it sought recovery for damages arising from an alleged breach of a contract between it and defendants, McCain-Winkler Partnership, a Louisiana commercial partnership which has its principal place of business in Natchitoches Parish, and its members, Harold L. McCain, Jr. and Frank A. Winkler.
Then, by an amended petition, plaintiff asserted an alternative cause of action against George W. Minturn, the architect involved herein, and his professional liability insurer, Continental Casualty Company (Continental). The basis of plaintiff's alternative cause of action is that George Minturn was an alleged agent of the above mentioned partnership and its members who exceeded his authority.
The partnership and its members reconvened against the plaintiff for damages alleging numerous defects in the construction work. These parties also brought a third party demand against George Minturn and Continental alleging that certain acts of Minturn were unauthorized.
An action entitled Natchitoches Electric, Inc. v. Harold L. McCain, Jr., et al[1], Docket Number 45,854, in the Tenth Judicial District Court was consolidated for trial with this suit by joint motion of all parties.

FACTS
Plaintiff and McCain-Winkler Partnership entered into a written contract on January 4, 1978. Plaintiff was the general contractor who agreed to construct a restaurant (now the Captain's Galley) for the partnership with the basis of payment to be the cost of work plus 15% for overhead and profit. The contract provided that the maximum cost to the partnership would be no more than $250,000.00.
George Minturn was the architect on this project. Plaintiff alleged that as soon as construction on the project started, the partnership and the architect began making changes in the construction plans which ultimately resulted in the total cost of the project plus 15% being placed at $381,180.00. The partnership paid plaintiff $200,224.00.
Plaintiff instituted this action on May 28, 1979, seeking to recover the difference between final cost of the project and the amount which it was paid. Trial of this matter was set for August 4, 1980, and pre-trial conferences were held.
The trial date approached, and on the morning on which it was to begin, the various parties, except for plaintiff, made application to the trial court for an order staying the proceedings. The parties alleged that there were existing contractual provisions requiring an arbitration of the issues.
The trial court gave counsel time to study the law and present their arguments to the court. That afternoon, counsel and their clients appeared in open court before the trial judge so that a transcript could be made of the proceedings, and the court then gave its ruling staying the proceedings and directing the parties to proceed with arbitration in accordance with their agreements. Plaintiff appeals from that ruling.

THE STAY ORDER
Plaintiff contends that the trial court erred in granting defendants' application for a stay order and bases its contention on two principal arguments: First, that defendants *592 waived their right to demand arbitration by their resort to judicial proceedings connected with plaintiff's principal demand herein; and Second, that defendants' failure to include the existence of a contractual provision requiring arbitration as a ground for the dilatory exception of prematurity which they filed constitutes a waiver of their right to demand arbitration thereafter.[2]
We note at the outset that there is no contract between plaintiff and George Minturn (the architect) requiring arbitration of disputes arising between them. Therefore, we find that the trial court erred in staying the proceedings brought by plaintiff against this defendant.
Our use of the term "defendants" throughout the rest of this opinion will only refer to the partnership and its members. There is a written contract between plaintiff and defendants which does require a submission to arbitration of certain disputes arising between them.[3]
The trial court, in making its ruling, relied on the decision of the Supreme Court in Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974) and LSA-R.S. 9:4201[4] which it held required a stay of the proceedings and an order to arbitrate "when the parties had agreed to arbitrate save upon such grounds as exist at law such as for the revocation of a contract".
Bartley, supra, was an action brought by a contractor against one of its subcontractors and the school board to compel arbitration of a dispute arising out of a building contract. The subcontractor and school board resisted arbitration and filed exceptions of no cause of action and of prematurity. The court found that there was a contract between the parties and, therefore, overruled the exception of no cause of action. The court then proceeded to discuss the defendants' exception of prematurity. The basis for the above mentioned dilatory exception was that plaintiff had failed to follow the procedures as set out in the contract between the parties for settling *593 disputes by arbitration.[5] Defendants also contended that Bartley (plaintiff in that action to compel arbitration) had waived its right to arbitrate under the contract.
The court in Bartley, supra, with respect to the above mentioned claim, stated, on page 283, that:
"We do not reach the merits of these claims of prematurity and waiver. We determine only that these questions of procedural arbitrability should not be decided by the courts, without having been submitted to the arbitrator, when a party sues to enforce an arbitration agreement.
As noted earlier, Section 4203 of the Louisiana Arbitration Law requires a court to order arbitration, once it finds that there has been an agreement to arbitrate and a failure to comply therewith. Since these triable issues have been here determined in favor of arbitration, the court must order arbitration. The issues of waiver and prematurity address themselves to the arbitrator. They cannot be utilized to prevent the aggrieved party from securing an order directing arbitration, as required by Section 4203. See Domke on Commercial Arbitration, Sections 17.01, 17.02 (1968)."
We find that Bartley, supra, can be distinguished from and is inapposite to the action before us for the following reasons: First, plaintiff in Bartley, supra, was specifically seeking to compel arbitration, whereas, plaintiff in this action seeks to recover damages for breach of contract and unauthorized acts of an agent. Second, defendants in Bartley, supra, base their attempt to resist arbitration (through the dilatory exception of prematurity and waiver) on a failure of the plaintiff there to comply with the procedure as set out in the contract between those parties for submitting their disputes to arbitration (the question of procedural arbitrability referred to by the court in the passage taken from Bartley, supra, and reproduced above).
Here, plaintiff resists defendants' attempt to compel arbitration by arguing that defendants waived their right to do so by (1) their resort to judicial proceedings and (2) their failure to raise the issue of arbitration by a dilatory exception of prematurity. There is no contention by plaintiff that defendants failed to follow the procedures set out in the contract between them for settling disputes by arbitration. Therefore, the issues raised by plaintiff in resisting defendants' attempt to compel arbitration cannot be characterized as giving rise to questions of procedural arbitrability as were the issues in Bartley, supra.
We find that the trial court erred in relying on Bartley, supra, in issuing its stay order.
Plaintiff cites Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 363 So.2d 671 (La.1978) where the court did indeed go on to decide the issue of whether a party to the action had waived its right to require arbitration. Elliott, supra, was an action in which the plaintiff was seeking to compel arbitration of disputes which had arisen between it and the defendants.
We find that Bartley, supra, and Elliott, supra, characterize a line of jurisprudence that is based on actions to compel arbitration and, therefore, inapplicable to the action before us. Our finding is supported by Elliott, at page 677, where the court states that:
"R.S. 9:4203[[6]] requires a Louisiana court, at the request of an aggrieved *594 party, to order the parties to arbitration in accordance with the terms of their arbitration agreement after the court finds (a) that an arbitration agreement was made and (b) that the opponent failed or refused to comply. These are the only triable issues in a suit to enforce an arbitration agreement. Bartley, 302 So.2d at 281; Domke on Commercial Arbitration, § 17.02 (1968)." (Emphasis ours).
We turn now to plaintiff's contention that defendants, by their conduct, waived their right to require arbitration. This Court, in Sim v. Beauregard Electric Cooperative, Inc., 322 So.2d 410 (La.App. 3 Cir. 1975), had before it the issue of whether a plaintiff had waived his right to require arbitration under the provisions of a contract between him and defendant, his employer. Plaintiff in Sim, supra, filed suit on October 28, 1966, and after numerous pleadings had been filed in the trial court and two motions for summary judgment had been heard, plaintiff then filed a supplemental petition demanding arbitration of his dispute with defendant. Defendant answered, alleging that by filing his suit and allowing thirty-three months to elapse before demanding arbitration, plaintiff had waived his right to do so. The case was called for trial on February 16, 1972, and on that morning, plaintiff filed a motion to stay the proceedings and sought an order compelling the defendant to arbitrate. This was some five years after plaintiff had instituted his action and the trial court denied the motion and proceeded to a trial of the action.
Plaintiff appealed the decision of the trial court which was unfavorable to him and, specifically, alleged as error the trial court's finding that he had waived his right to arbitrate. However, this Court upheld the trial court's decision, stating, at pages 414, 415, that:[7]
"The right to arbitrate given by a contract may be waived, we think, even though LSA-R.S. 9:4201 provides than [sic] an arbitration clause is irrevocable. The waiver may be either by express words or by necessary implication. The institution of a suit by one party seeking damages for the alleged breach of such a contract is incompatible with a later demand by the same party that the dispute be settled by arbitration. We believe that the filing of such a suit by a party to the contract, without relying on the arbitration provision in that agreement, constitutes a waiver of that party's right to demand arbitration of the dispute. Lawton v. Cain, supra; 17A C.J.S. Contracts § 515(11), page 889; 5 Am.Jur.2d, Arbitration and Award, § 51, page 556; Quinn Construction Co. v. Savoie, 207 So.2d 229 (La.App. 4 Cir. 1968); Francis I. duPont and Company v. McMikle, 230 So.2d 677 (La.App. 2 Cir. 1970)."
See also Lee v. Blackwell, 286 So.2d 185 (La.App. 4 Cir. 1973) where the issue of waiver of the right to require arbitration by both a plaintiff and defendant was resolved. The court in Lee, stated, on page 186, that:

*595 "As a preliminary matter, our attention is directed to Article 8 of the contract, which provides that the parties will submit to arbitration every claim or dispute arising out of the contract. Plaintiff did not seek arbitration in this matter, nor has defendant interposed any exception or objection to the submission of this case to the court without prior resort to arbitration. Under these circumstances, it is clear that both parties have waived their contractual right to arbitration, and that this matter is properly before the court. Quinn Construction Co. v. Savoie, 207 So.2d 229 (La.App. 4th Cir. 1968); Lawton v. Cain, 172 So.2d 734 (La.App. 2nd Cir. 1964)."
Plaintiff equates the filing of suit in Sim, supra, with the filing of the reconventional demand by the defendants in this case. We believe this argument has merit and that Sim, supra, is indeed applicable to the issue before us.
Plaintiff further argues that it clearly evidenced its intent not to arbitrate this matter by never making a demand for arbitration and by filing suit and that defendants clearly evidenced their intent not to have this matter arbitrated by their actions taken since the institution of plaintiff's suit. It alleges (which allegation is verified by the record) that the defendants never mentioned arbitration, much less made a demand for arbitration until seventeen months after this lawsuit began. Plaintiff lists the following conduct by the defendants which it alleges provides ample evidence of their intention not to arbitrate:
1. The defendants never made a demand for arbitration until the morning that this case was set for trial;
2. The defendants never raised the issue of arbitration by exception or in their answer;
3. Counsel for the defendants wrote a letter to the court on April 9, 1980, requesting that the matter be set for trial;
4. The defendants sought relief from the court in the form of a reconventional demand for alleged defective and incomplete construction work by the plaintiff, and no demand for arbitration was made on this issue;
5. Counsel for defendants attended a pre-trial conference on June 18, 1980, wherein the trial date of the case was discussed and at that time never raised the issue of arbitration;
6. Counsel for defendants attended a pre-trial conference on July 30, 1980, where once again the matter was fully discussed and the issue of arbitration was never raised.
We hold that defendants waived their right to require arbitration under their contract with plaintiff based on the above mentioned conduct and the fact that their motion for a stay order was made at such a late hour in the proceedings.
Therefore, we pretermit any discussion of whether defendants waived their right to require arbitration by their failure to allege a contractual provision requiring arbitration as an additional ground for the dilatory exception of prematurity which they filed.[8]
For the above and foregoing reasons, the stay order issued by the trial court herein is reversed, vacated and set aside, and the case is hereby remanded to the trial court for further proceedings consistent with our views expressed above.
All costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED.
NOTES
[1] Natchitoches Electric, Inc. was a subcontractor on the construction project giving rise to the present action. It brought suit against the owners and general contractor alleging that these parties had failed to pay it for materials it supplied to the construction site.
[2] LSA-C.C.P. Article 926 provides, in pertinent part: "... All objections which may be raised through the dilatory exception are waived unless pleaded therein."
[3] "7.9.1 All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, except as provided in Subparagraph 2.2.11 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.9.4 and 9.9.5, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, the Architect, his employees or consultants except by written consent containing a specific reference to the Owner-Contractor Agreement and signed by the Architect, the Owner, the Contractor and any other person sought to be joined. No arbitration shall include by consolidation, joinder or in any other manner, parties other than the Owner, the Contractor and any other persons substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration. No person other than the Owner or Contractor shall be included as an original third party or additional third party to an arbitration whose interest or responsibility is insubstantial. Any consent to arbitration involving an additional person or persons shall not constitute consent to arbitration of any dispute not described therein or with any person not named or described therein. The foregoing agreement to arbitrate and any other agreement to arbitrate with an additional person or persons duly consented to by the parties to the Owner-Contractor Agreement shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."
[4] "§ 4201. Validity of arbitration agreements

A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
[5] The contract between the parties to that action provided that all claims had to be submitted to the architect before arbitration could be had. The defendants argued that plaintiff had failed to follow this procedure and, therefore, its action to compel arbitration was premature.
[6] § 4203. Remedy in case of default; petition and notice; hearing and proceedings

The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' written notice of the application shall be served upon the party in default. Service shall be made in the manner provided by law for the service of a summons.
The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.
If no jury trial is demanded, the court shall hear and determine the issue. Where such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of the issue, and upon such demand the court shall issue an order referring the issue or issues to a jury called and empanelled in the manner provided by law.
If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall issue an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof. (Emphasis ours)
[7] See footnote 4, supra, for text of LSA-R.S. 9:4201.
[8] In May v. Southland Corporation, 341 So.2d 421 (La.App. 3 Cir. 1976), writ denied, 342 So.2d 872 (La.1977), this Court held that the dilatory exception of prematurity was the proper method of raising the defense of failure of a party to abide by a contractual provision requiring arbitration. This Court still approves of the decision in May, supra.