624 So.2d 11 (1993)
RUSSELLVILLE STEEL CO., INC.
v.
A & R EXCAVATING, INC. d/b/a A & R Excavators, Inc.
No. 93-CA-209.
Court of Appeal of Louisiana, Fifth Circuit.
August 26, 1993.
*12 Paul G. Pastorek, Robert D. Hess, III, New Orleans, for plaintiff/appellant.
Michael S. Tudor, Alexandria, for defendant/appellee.
Before GOTHARD and CANNELLA, JJ., and THOMAS F. DALEY, J. Pro Tem.
GOTHARD, Judge.
In this appeal we are called upon to decide whether a work dispute between Russellville Steel Co., Inc. (Russellville) and A & R Excavating, Inc. (A & R) is subject to contractual arbitration.
In May, 1991 Landis & James Construction Company, Inc. (Landis) entered into a contract with the Alton Ochsner Medical Foundation for the construction of a research facility in Jefferson Parish. On May 10, 1991, Landis sent a proposed subcontract to Russellville for the installation of certain steel materials necessary for the construction. After making some changes, Russellville accepted the contract on September 12, 1991. On that same day Russellville entered into a contract with A & R for erection of the steel infrastructure. A & R began work on the project on September 16, 1991.
In January, 1992 a dispute arose between Russellville and A & R concerning the scope of work encompassed by their agreement. As a result of that dispute A & R filed a demand for arbitration with the American Arbitration Association. Russellville objected to the arbitrability of the dispute and filed a petition for declaratory judgment in the 24th Judicial District Court for Jefferson Parish. At the request of Russellville, the court issued an order staying the arbitration proceedings pending the outcome of the declaratory judgment proceedings.
The matter was submitted to the trial court without oral argument or live testimony. After considering the memoranda of law, the documents and a deposition of Alford Kilgore, president of A & R, the trial court ruled in favor of A & R and lifted the stay order on arbitration. Russellville appeals that decision.
The Landis-Russellville contract specifically incorporates by reference the general contract between Landis and Ochsner.[1] In that Landis-Ochsner contract there are general conditions which include an arbitration agreement.[2] It is therefore clear, as a matter of law, that a valid arbitration agreement existed between Landis and Russellville.
Russellville's agreement with A & R is evidenced by a purchase order sent by Russellville to A & R. The order contains the following language:
"Furnish all required labor, supervision, equipment, tools, taxes, insurance, etc. to perform the erection work as called for in the attached subcontract."
A copy of the Russellville-Landis subcontract was attached to the purchase order.
A & R argued successfully in the trial court that the Russellville-A & R purchase *13 order incorporated by reference the Landis-Russellville contract.
On appeal Russellville argues initially that the purchase order only incorporated those provisions which defined the scope of work A & R was to undertake and not the entire contract. They further argue that A & R never intended to include arbitration in its agreement with Russellville. Finally, Russellville argues its contract with Landis does not mandate arbitration. For reasons already stated we find this final argument to be without merit.
In order to analyze Russellville's first two arguments we must first consider whether the trial court was correct in its finding that the language in the purchase order is sufficient to incorporate the Landis-Russellville contract by reference.
LSA-R.S. 9:4203 requires a court to order arbitration, once it finds there is an agreement to arbitrate and a failure to comply therewith. Bartley Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974); Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756 (La.1982). LSA-R.S. 9:4201 provides that a written agreement to submit disputes to arbitration is valid.
The issue of whether a contract is ambiguous is a question of law. Aycock v. Allied Enterprises, Inc., 517 So.2d 303 (La. App. 1 Cir.1987), writ denied 518 So.2d 512 (La.1988). As a general rule of contract law, separate documents may be incorporated into a contract by attachment or reference thereto. Action Finance Corporation v. Nichols, 180 So.2d 81 (La.App.2d Cir.1965). More specifically, the incorporation of an arbitration clause by reference to another written contract is a suitable method of evidencing the parties' intent to arbitrate as long as the arbitration clause in the contract referred to has a "reasonably clear and ascertainable meaning." Woodson Const. Co. v. R.L. Abshire Const., 459 So.2d 566 (La.App. 3 Cir. 1984) at 569, citing J.S. & H Construction Co. v. Richmond County Hospital Auth., 473 F.2d 212 (5th Cir.1973).
In Woodson, supra, the contract contained the following language:
"The Subcontractor is required to complete the above described work according to the terms and conditions of that certain contract by and between Woodson Construction Company, Inc. and Parsons-Gilbane, a Joint Venture with the Department of Energy under Subcontract No. 287-1072-000 according to the plans and specifications as amended, submitted thereunder and let for bids by invitation for bids dated October 17, 1978...."
In that case the court found an arbitration agreement incorporated by reference into the contract in question. In Bartley, Inc. v. Jefferson Parish School Board, supra, another clause was interpreted as an incorporation of a separate document into a contract between the parties by reference. That clause read as follows:
"All of these Plans, Specifications, Addenda, Proposal, and said Agreement are made part of this Agreement between American Equipment & Systems, Inc. and Bartley, Incorporated just as though all were annexed thereto. The Supplier shall be bound to the Purchaser and assume toward him all of the obligations and responsibilities that he, the Purchaser, assumes toward the Jefferson Parish School Board, in connection with the materials to be furnished by the Supplier pursuant to this Purchase Agreement."
Russellville argues that the above cited cases are distinguishable in that the terms of the contracts were specifically and expressly incorporated by reference.[3] Russellville asserts that the language in the purchase order sent to A & R is not sufficient to incorporate the Russellville-Landis contract by reference.
Russellville's point, that the language in the instant case is not as specific as language used in cases cited by A & R, ignores the fact that Russellville not only referred to *14 the Landis contract, it, in fact, attached a copy of the contract to the purchase order.
Russellville does not assert that the provision at issue is ambiguous. On the contrary, it is Russellville's argument that the language is clear and unambiguous, and indicates that "the subcontract between Russellville Steel and Landis & James was attached to provide A & R with the details of its scope of worknothing more, nothing less."
We do not agree that the clause in the purchase order which references the Russellville-Landis contract attached thereto expressly limits that reference to selected clauses concerning the scope of the work.
Our law reflects a strong legislative policy that favors arbitration. See LSA-R.S. 9:4201 et seq. Both federal and state jurisprudence dictates that any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration. United Steelwks. of Am. v. Warrior and Gulf N. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); American Dairy Queen Corp. v. Tantillo, 536 F.Supp. 718 (M.D.La.1982); Firmin v. Garber, 353 So.2d 975 (La.1977); Woodson Const. Co. v. R.L. Abshire Const., supra.
We find no error in the trial court's ruling that the contract is not ambiguous and that it incorporates both by reference and attachment the Landis-Russellville contract in its entirety. We do not find it necessary to discuss issues of intent. It is only when a contract is ambiguous that the factual issues of the intent of the parties will be examined. LSA-C.C. art. 2045; Kuswa & Associates v. Thibaut Const. Co., 463 So.2d 1264 (La.1985).
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] 1. WORK. Subcontractor shall furnish all labor, materials, tools, equipment, supervision and services necessary to prosecute and complete the work identified and described in Schedule A attached hereto (the "Work"), being a portion of the work required of Contractor under the General Contract (the "Contract") between Owner and Contractor. The Work shall be performed by Subcontractor in a good workmanlike manner strictly in accordance with the Contract Documents, listed in Schedule B and incorporated herein by reference.
[2] All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, except as provided in Subparagraph 2.2.11 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.9.4 and 9.9.5, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.
[3] See also, J.S. & H Construction Company v. Richmond County Hospital Authority, 473 F.2d 212 (5th Cir.1973).