838 So.2d 88 (2003)
PUMPELLY OIL, INC.
v.
RIBBECK CONSTRUCTION CORPORATION.
No. 02-868.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
*89 Richard A. Chozen, Kevin J. Koenig, Raggio, Cappel, Chozen & Berniard, Lake Charles, LA, for Plaintiff/Appellee, Pumpelly Oil, Inc.
Frank C. Miller, III, Attorney at Law, Lake Charles, LA, for Defendant/Appellant, Ribbeck Construction Corporation.
Court composed of ULYSSES GENE THIBODEAUX, MICHAEL G. SULLIVAN, and BILLY H. EZELL, Judges.
*90 SULLIVAN, Judge.
Ribbeck Construction Corporation (Ribbeck) appeals the trial court's denial of its exception of lack of subject matter jurisdiction and the issuance of a preliminary injunction enjoining it from proceeding with arbitration. For the following reasons, we affirm.

Facts
On March 30, 1998, Ribbeck entered into a contract with Pumpelly Oil Company, Inc. (Pumpelly) for the construction of the Conoco Breakplace in Lake Charles. After being awarded the contract, Ribbeck subcontracted with Richard Barras d/b/a Barco Foundations to do the dirt work and foundation work required by the contract. Apparently, Mr. Barras could not accomplish the requirements of the subcontract on his own, and he contacted Mike Duhon d/b/a Mike Duhon Dirt Pit to provide certain services. The record indicates that Pumpelly and Ribbeck knew of Mr. Duhon's involvement in the project. The services rendered by Mr. Duhon exceeded the costs included in the contract for the dirt work and the foundation work at the construction site. On July 10, 1998, Ribbeck filed a petition against Richard "Ricky" Barras and Barco Foundations, seeking a money judgment against Mr. Barras and a writ of attachment. In its petition, Ribbeck alleged that Mr. Barras had not performed his work as contracted and that, due to representations by him, it incurred additional costs of $45,000.00 over the contract price. Then, on October 21, 1998, Mike Duhon d/b/a Mike Duhon Dirt Pit filed suit against Mr. Barras, Ribbeck, and Pumpelly, seeking a money judgment in the amount of $48,576.25 and enforcement of a materialman's lien and privilege in conjunction with the work he performed at the construction site. In November 1998, Ribbeck filed a bond to release the lien filed against the Conoco Breakplace.
On January 20, 1999, Ribbeck sought and received final payment from Pumpelly under the contract. In connection with the final payment, it executed a document entitled "Unconditional Waiver and Release upon Final Payment."
Thereafter, on March 24, 1999, counsel for Ribbeck filed a motion for summary judgment on behalf of Pumpelly in the Duhon suit, which was granted, and Pumpelly was dismissed from the litigation. The Barras suit and the Duhon suit were then consolidated. During trial of the consolidated matters in December 2001, Ribbeck settled with Mr. Duhon for $46,500.00. The settlement documents included an assignment of Mr. Duhon's claim to Ribbeck.
In February 2002, Ribbeck filed a demand for arbitration with the American Arbitration Association regarding the additional funds it sought to recover from Pumpelly. On March 1, 2002, Pumpelly filed a petition for declaratory judgment, seeking a judgment declaring that Ribbeck had waived its right to collect additional payments and/or that its obligations to Ribbeck were extinguished under the terms of the contract. In response, Ribbeck filed an exception of lack of subject matter jurisdiction, alleging that the contract contained a provision for arbitration and that determination of whether it was entitled to proceed in arbitration was not subject to a judicial determination. Following a hearing held May 8, 2002, the trial court denied the exception. On May 9, 2002, Pumpelly filed a motion for temporary restraining order (TRO) and rule for preliminary injunction to enjoin the arbitration instituted by Ribbeck. The trial court granted the TRO and, after a hearing, granted a preliminary injunction.
Ribbeck filed an application for writs regarding the issuance of the TRO and the preliminary injunction; it filed an appeal *91 regarding the denial of its exception of subject matter jurisdiction. The two matters were consolidated by this court.

Arbitration
Ribbeck contends that it was error for the trial court to determine whether Pumpelly had to submit to arbitration, arguing that an arbitrator, not the trial court, should make that determination. The contract's arbitration provision provides:
4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5., shall,... be subject to arbitration.
Pumpelly's claim that Ribbeck waived additional payment is based on Subparagraph 9.10.5 of the contract which provides:
Acceptance of final payment by the Contract, a Subcontractor or material supplier... shall constitute a waiver of claims by that payee except those previously made in writing and identified as unsettled as of the time of final Application for Payment.
The right to demand arbitration is strong under federal and state law. Collins v. Prudential Ins. Co. of America, 99-1423 (La.1/19/00); 752 So.2d 825; Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756 (La.1982). La. R.S. 9:4201 provides that when a contract contains an arbitration provision it "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
Ribbeck argues that the trial court determined issues of "procedural arbitrability" that should have been presented to an arbitrator, citing Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La. 1974), Willis-Knighton Medical Center v. Southern Builders, Inc., 392 So.2d 505 (La.App. 2 Cir.1980), and Charles Ragusa & Son, Inc. v. St. John the Baptist Parish School Board, 629 So.2d 1302 (La.App. 4 Cir.1993), writ denied, 94-100 (La.3/11/94); 634 So.2d 395. In Bartley, the contractor filed suit against the owner of a project to compel arbitration regarding its claim for payment for work that it performed after accepting final payment from the owner. The owner attempted to enjoin the arbitration. The supreme court refused to consider the owner's claims of prematurity and waiver because they are "questions of procedural arbitrability [which] should not be decided by the courts, without having been submitted to the arbitrator...." Bartley, 302 So.2d at 283.
The courts in Willis-Knighton, 392 So.2d 505, and Ragusa, 629 So.2d 1302, followed Bartley, 302 So.2d 280. In these cases, as in Bartley, the work for which payment was sought was performed after final payment. In Ragusa, the school board participated in arbitration of the contractor's claim, but sought to have the arbitrator's award vacated. The court refused to vacate the award, noting that the school board failed to object to the arbitration proceedings or to file an injunction to prevent Ragusa from proceeding with the arbitration.
In spite of La.R.S. 9:4201's provision that an arbitration clause is irrevocable and cases like Bartley, Willis-Knighton, and Ragusa, courts have held that a party's conduct can effect a waiver of its right to demand arbitration. See Thomas v. Desire Community Hous. Corp., 98-2097 (La.App. 4 Cir. 7/19/00); 773 So.2d 755; Albert K. Newlin, Inc. v. Morris, 99-1093 (La.App. 3 Cir. 1/5/00); 758 So.2d 222; I.D.C., Inc. v. McCain-Winkler Partnership, 396 So.2d 590 (La.App. 3 Cir.1981); Sim v. Beauregard Elec. Coop., Inc., 322 So.2d 410 (La.App. 3 Cir.1975). In these *92 cases, the right to demand arbitration was found to have been waived because the party demanding arbitration participated in litigation before seeking to stay the proceedings for arbitration.
In I.D.C., 396 So.2d 590, this court reversed the trial court's order compelling arbitration, finding that the defendant's participation in litigation for seventeen months before seeking arbitration constituted a waiver of its right to arbitration. The court distinguished cases where the plaintiff instituted suit to compel arbitration from cases where the plaintiff sought to resist arbitration on the basis that the defendant had waived its right to arbitration and held that, because the defendants participated in the litigation for seventeen months before seeking to compel arbitration, they waived their right to demand arbitration.
We conclude that Ribbeck waived its right to demand arbitration because: 1) the work for which payment is sought herein was performed before Ribbeck requested and accepted final payment; 2) Ribbeck knew that the dirt work costs exceeded the contract and subcontract price when it filed suit against Mr. Barras, six months before it requested and accepted final payment; 3) Ribbeck and Pumpelly were sued for payment of the extra dirt work costs three months before final payment; 4) counsel for Ribbeck obtained summary judgment and dismissal in favor of Pumpelly in the Duhon litigation; 5) Ribbeck executed an unconditional waiver and final release when it received final payment; 6) Ribbeck did not except in writing the dirt work claim from its final payment as required by paragraph 9.10.5 of the contract; 8) Ribbeck participated in litigation regarding this claim for three years before it demanded arbitration with Pumpelly; and 9) the claim at issue was acquired by assignment from Mr. Duhon who was not party to a contract with either Ribbeck or Pumpelly. Additionally, in its petition against Mr. Barras, Ribbeck alleged that his "subcontract incorporated the provisions, specifications, and plans of the general contract"; therefore, it apparently had the right to demand arbitration regarding those claims, but filed suit instead.
Ribbeck argues that it did not "realize" the merit of Mr. Duhon's claim until it learned certain information during the trial on his claim. Even if this assertion is true, it had knowledge of the claim before it accepted final payment from Pumpelly and executed the release, but did not take action to preserve the claim against Pumpelly as provided in their contract.
The denial of Ribbeck's exception of lack of subject matter jurisdiction is affirmed.

Preliminary Injunction
Ribbeck argues that the trial court erred when it enjoined the arbitration because of the strong presumption in favor of arbitration and because Pumpelly did not establish that it would suffer irreparable injury.
To obtain a preliminary injunction, the mover must make a prima facie showing that he will prevail on the merits of the case and that he will suffer irreparable injury if the injunction does not issue. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699. Trial courts have "great discretion" in determining whether to grant or deny a preliminary injunction. Lafayette City-Parish Consol. Gov't v. Lafayette Mun. Fire & Police Civil Serv. Bd., 01-1460 (La.App. 3 Cir. 5/8/02); 816 So.2d 977, writ denied, 02-1565 (La.9/30/02); 825 So.2d 1194. The issuance of an injunction will be reversed "only if it be shown that such discretion has been abused or improvidently exercised." Id. at 980, quoting Concerned *93 Citizens of Rapides Parish v. Hardy, 397 So.2d 1063, 1072 (La.App. 3 Cir. 1981).
The trial court determined that the unconditional waiver and release of claims signed by Ribbeck established a "prima facie " case that Pumpelly would prevail on the merits, noting that none of the cases cited by Ribbeck referenced a waiver and release having been signed when the contractor accepted the final payment. We find no error with this determination.
Generally, irreparable injury means that "there is no adequate remedy at law, and the loss alleged cannot be adequately compensated in money, or is not susceptible of being measured by pecuniary standards." Jim Walter Homes, 732 So.2d at 703. Where "a judgment would be valueless, either because of insolvency or other reasons," injunctive relief has been held to be proper. Ciambotti v. Decatur St.-Louis, Lupin, Properties Ventures, 533 So.2d 1352, 1359 (La.App. 3 Cir. 1988).
The trial court concluded that, for a number of reasons, arbitration would cause Pumpelly irreparable injury, including it does not have a claim against Ribbeck to recoup its expenses and/or losses associated with arbitration, Ribbeck's claim was assigned to it in connection with its settlement of Mr. Duhon's litigation, and Mr. Duhon, a third party to Ribbeck's and Pumpelly's contract, was not party to a contract which contained an arbitration agreement.
Normally, the time and expense of litigation or arbitration are not considered to be irreparable harm. Collins, 752 So.2d 825. In Collins, the issue was whether an order compelling arbitration was appealable. After finding that "as a matter of state law... an order compelling arbitration" does not give rise to irreparable injury, the supreme court determined that the order at issue was not appealable. Id. at 830-31. However, the court did recognize that there are circumstances in which an order compelling arbitration might cause irreparable injury. Justice Lemmon subscribed additional reasons to the majority's opinion, noting that the supreme court has not adopted the position of the appellate courts that being compelled to arbitrate is "never irreparable injury." Id. at 832. Additionally, he observed:
When a party unsuccessfully raises an issue pre-trial by supervisory writs and is ultimately successful on the issue on appeal after trial on the merits, the party is literally injured irreparably because the party can never recover the time and expense of the litigation that could have been avoided if the reviewing court would have exercised supervisory jurisdiction and corrected the error prior to trial.
Id.
In our opinion, Ribbeck's actions, which are the basis for our determination that it waived its right to demand arbitration, are extraordinary circumstances, which except this case from the general rule that the time and expense of litigation and/or arbitration is not irreparable injury. Accordingly, we find no error with the trial court's issuance of the preliminary injunction.

Decree
The trial court's denial of Ribbeck Construction Corporation's exception of lack of subject matter and issuance of a preliminary injunction, enjoining the arbitration proceedings instituted by Ribbeck Construction Corporation, are affirmed. All costs of this appeal are assessed to Ribbeck Construction Corporation.
AFFIRMED.