848 So.2d 656 (2003)
Richard LORUSSO and Joann Lorusso
v.
LANDRIEU ENTERPRISES, INC., d/b/a Landrieu Brothers Home Improvement.
No. 2002-CA-2346.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 2003.
Peter N. Freiberg, Jones, Verras & Freiberg, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Harry T. Hardin, III, Mendoza & Hardin, Harvey, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
This case arises out of a contractual dispute wherein the appellants, Richard and JoAnn Lorusso ("Lorusso"), sought to enforce their right to arbitration against Landrieu Enterprises, Inc. d/b/a Landrieu *657 Brothers Home Improvement ("Landrieu"). Lorusso appeals the trial court's dismissal of their Petition to Compel Arbitration and the vacating of an ex-parte order to compel arbitration[1]. For the reasons assigned below, we reverse.

FACTS AND PROCEDURAL HISTORY
Lorusso entered into a contract with Landrieu to renovate and construct an addition to their home in New Orleans in August of 1999. The contract contained an arbitration clause, which stated:
In the event that satisfactory completion is not delivered or there is any other grievance by customer or contractor, an arbitrator will be selected who will determine a resolution. Each party agrees to adhere to the final determination of the arbitrator.
The contract did not provide for unilateral termination. As the project progressed, Lorusso made payments to Landrieu at regular intervals. From this point, the facts are disputed. Lorusso contends Landrieu walked off the job, prior to completion, after he was paid a $20,000 progress payment in March of 2000. Lorusso also claims that Landrieu failed to pay subcontractors prior to leaving the job. Consequently, the subcontractors filed claims against Lorusso seeking payment for services rendered. As a result, Lorusso attempted to enforce his right to arbitrate by sending two separate certified letters to Landrieu, which requested that the matter be submitted to arbitration. Landrieu was unresponsive to Lorusso's attempts to submit the dispute to arbitration. Landrieu claims that both parties' mutually agreed to terminate the construction contract based on the parties deteriorating work relationship. Landrieu also maintains that Lorusso agreed to terminate the contract so that he could hire his own subcontractors to finish the construction job. Therefore, the $20,000 payment was a final payment. Landrieu denied receiving either of the certified letters demanding arbitration sent by Lorusso. Lorusso filed a Petition to Compel Arbitration, which was denied by the trial court without oral or written reasons. The trial court also vacated an ex-parte order to compel arbitration.
Lorusso subsequently filed this appeal alleging the trial court erroneously dismissed the Petition to Compel Arbitration and the ex-parte order to compel arbitration. Lorusso presents two assignments of error before this court. First, we must determine whether the contract contained an enforceable arbitration clause. Second, we must determine whether the trial court erred in the dismissal of the Petition to Compel Arbitration and vacating the ex-parte order to compel arbitration.

LAW AND DISCUSSION
Under the Louisiana Arbitration Law, La. R.S. 9:4201 et seq., an arbitration provision "in any contract" to settle by arbitration a controversy thereafter arising out of the contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." La. R.S. 9:4201.
When a party petitions a court for an order directing arbitration, the court "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue ... shall issue an order ... to proceed to arbitration ..." La. R.S. 9:4203.
The determination as to whether to stay or compel arbitration is a question of law. Hennecke v. Canepa, 96-0772 (La.App. 4 Cir. 5/21/97), 700 So.2d 521. The standard of appellate review of questions of law is to determine whether the trial court was legally correct or legally incorrect. Cangelosi *658 v. Allstate Insurance Co., 96-0159, p. 3 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360. If the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Conagra Poultry Co. v. Collingsworth, 30,155, p. 2 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280, 1281-1282.

DID THE CONTRACT CONTAIN AN ENFORCEABLE ARBITRATION CLAUSE?
A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art.1906. The parties must have the capacity to contract and give their consent freely for a certain object, and the contract must have a lawful purpose. "Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances, is clearly indicative of consent." La. C.C. art.1927.
A contract can be modified, abrogated or nullified by mutual consent only. La. C.C. art.1983. Modification can be presumed by silence, inaction or implication. Wise v. Lapworth, 614 So.2d 728, 731 (La.App. 5 Cir.1993). However, once the contract is confected, one party cannot unilaterally modify its terms. River Oaks, Inc. v. Blue Cross of Louisiana, 595 So.2d 785, 787 (La.App. 5 Cir.1992).[W]ritten contracts for construction may be modified by oral contracts and by the conduct of the parties, and this is true even when the written contract contains the provision that an owner is liable only if the change orders are in writing. Pelican Electrical Contractors v. Neumeyer, 419 So.2d 1, 5 (La. App. 4 Cir.1982). Therefore, we must look to the facts in order to determine whether there were oral agreements, which modified the written contract.
The parties do not dispute the signing of a valid written contract to construct an addition to the Lorusso's home. Lorusso contends that the trial court's failure to order arbitration in the face of the arbitration clause violated the Louisiana Arbitration Law, La. R.S. 9:4201 et seq.
At the hearing on the matter, Lorusso testified that both he and Landrieu were instrumental in writing the arbitration clause. After agreeing on the appropriate language, the parties signed the contract. Lorusso also testified that Landrieu called him and stated he could no longer work with him on the project. Lorusso stated he informed Landrieu that the contract did not provide for unilateral termination and he did not consent to the termination of the contract. Furthermore, the record is devoid of any evidence, which supports an oral modification of the written contract that would allow unilateral termination of the written contract. Specifically, there is no indication in the record that the parties mutually agreed to terminate the contract. In fact, Lorusso's testimony contradicts any such proposed mutual agreement as contended by Landrieu. Additionally, Lorusso testified that he attempted to initiate the arbitration process when he sent two certified return receipt letters to Landrieu. The first letter dated January 28, 2002 was submitted into evidence and the signed return receipt was attached. Lorusso testified that he misplaced the return receipt for the second letter dated March 12, 2002. Both of the letters acknowledge not only Landrieu's failure to fulfill its contractual obligation to complete the construction job, but also its failure to arbitrate any dispute between the parties according to the terms of the contract. Landrieu testified that he never received the letters. Even so, due to the *659 lack of a provision, which allowed unilateral termination of the contract or mutual consent of the parties to terminate the contract, we find the contract between the parties was not terminated. Thus, the contract was in effect at the time Lorusso attempted to avail himself of the arbitration clause. Therefore, the arbitration clause that the parties co-authored is valid and enforceable.

DID THE TRIAL COURT ERR IN THE DISMISSAL OF THE PETITION TO COMPEL ARBITRATION?
Lorusso also contends that because the contract clearly includes an arbitration clause and there is no assertion that the contract is unenforceable, the matter should have been submitted to an arbitrator for resolution.
This court has held that in cases where "the parties have contracted to submit all disputes to arbitration, then the determination that the contract is valid will necessarily suffice to require enforcement of the arbitration clause." However, if the parties' agreement to arbitrate is limited to particular issues or types of disputes, the language of 9:4202 expressly requires the court, rather than the arbitrator, to further determine whether the particular issue in dispute is within the scope of the arbitration clause. Metro Riverboat Associates, Inc. v. Bally's Louisiana, Inc., XXXX-XXXX, p. 5-6 (La.App. 4 Cir. 1/14/1998), 706 So.2d 553, 556-557.
Neither the answering of a judicial demand nor the delay in filing the demand for arbitration necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756, 757 (La.1982). Waiver of arbitration is not a favored finding and there is a presumption against it. Rauscher Pierce Refsnes, Inc. v. Flatt, 632 So.2d 807, 810, p. 5 (La.App. 4 Cir.1994). Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. Id. A party asserting waiver bears a heavy burden of proof to show that the opponent has waived a contractual right to arbitrate. Electrical Instrumentation Unlimited v. McDermott, 627 So.2d 702 (La.App. 4 Cir.1993). "Seeking relief from the court before demanding arbitration is not determinative of whether the right to demand arbitration has been waived, but is only a factor to be considered." Electrical Instrumentation Unlimited, 627 So.2d at 703.
The language of the arbitration clause contained in the contract provides that if the construction is not completed or "any other grievance" should arise, then the dispute would be submitted to an arbitrator. (Emphasis added).
Landrieu argues an attempt to arbitrate was not made by Lorusso until two years after the contract was allegedly terminated. This court does not find Lorusso's delay in filing a demand for arbitration constituted a waiver of his right to demand arbitration. Conversely, although Lorusso did not demand arbitration until two years after the dispute arose, he did not act in a manner inconsistent with his claim of entitlement to the arbitration process. Lorusso acted in accordance with the terms of the contract and sent two certified letters to Landrieu, which demanded the dispute be submitted to an arbitrator. Landrieu was unresponsive to these attempts. We find that Landrieu failed to bear the burden of proof of showing that Lorusso waived his contractual right to arbitrate. Moreover, the language "any other grievance" contained in the arbitration clause leads us to believe that both parties explicitly agreed to arbitrate all disputes.
*660 Accordingly, we reverse the findings of the trial judge on the dismissal of Lorusso's Petition to Compel Arbitration as well as vacating the ex-parte order to compel arbitration. The order to compel arbitration is hereby reinstated.
REVERSED AND REMANDED.
NOTES
[1] An ex-parte order was signed by Judge Roland Belsome on March 26, 2002.