872 So.2d 1206 (2004)
Angelina S. Dufrene, Wife of/and Whitney P. DUFRENE and Dale D. Thompson, Wife of/and Howel J. Thompson
v.
HBOS MANUFACTURING, LP d/b/a Schult and Royer Homes of Mississippi, Inc.
No. 2003-CA-2201.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 2004.
Order on Rehearing May 28, 2004.
*1208 Jack E. Morris, Metairie, LA, for Plaintiff/Appellee.
Lee M. Peacocke, Morgan J. Wells, Jr., Larzelere Picou Wells Simpson Lonero, LLC, Metairie, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
Plaintiffs filed suit against the retailer and manufacturer of a manufactured home in redhibition for alleged defects and vices. The retailer filed a Motion to Stay Proceedings Pending Arbitration. The trial court denied the retailer's Motion to Stay. For the following reasons, we reverse the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
On September 24, 2001, plaintiffs/appellees, Angelina S. Dufrene and Whitney P. Dufrene (the Dufrenes), purchased a mobile home from defendant/appellant, Royer Homes of Mississippi, Inc. (Royer). In connection with the sale, the Dufrenes signed a "Bill of Sale & Purchase Agreement" and a separate document entitled "Arbitration Agreement Addendum." Royer, however, did not sign the Arbitration *1209 Agreement Addendum. This document is the subject of the instant appeal. It states in pertinent parts:
This Arbitration Agreement ("Agreement") is executed contemporaneously with, and becomes part of the Retail Installment or Sales Contract ("Contract") for the purchase of a manufactured home ("Home") as described in the Contract by the purchaser ("Purchaser") from the selling retailer ("Retailer").
The parties agree that all claims, disputes and controversies arising out of or relating in any way to the sale, purchase, or occupancy of the home including, but not limited to, any negotiations between the parties, the design, construction, performance, delivery, condition, installation, financing, repair or servicing of the home and any warranties, either express or implied, pertaining to the home and including any claims for equitable relief or claims based on contract, tort, statute, common law or any alleged breach, default, or misrepresentation, will be resolved by binding arbitration administered by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules.
As a result of alleged vices and defects in the home, the Dufrenes filed a petition for redhibition on September 10, 2002 against the manufacturer, HBOS Manufacturing and the retailer, Royer. Subsequently, on November 15, 2002, HBOS Manufacturing filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware, which requires that all legal actions against HBOS Manufacturing be stayed, pursuant to 11 U.S.C. Section 362. On June 5, 2003, the Dufrenes filed a Motion to Compel Discovery. On July 18, 2003, Royer filed a Motion to Stay Proceedings Pending Arbitration. The trial court heard both motions on September 4, 2003. On September 18, 2003, the trial court rendered judgment, granting the Dufrenes' Motion to Compel Discovery and denying Royer's Motion to Stay Pending Arbitration. The trial court did not provide written or oral reasons for the denial of Royer's Motion to Stay.[1] This appeal concerns only the Motion to Stay.

Standard of Review
The determination as to whether to stay or compel arbitration is a question of law. Billieson v. City of New Orleans, 02-1993, p. 3 (La.App. 4 Cir. 9/17/03), 863 So.2d 557, 560, citing Hennecke v. Canepa, 96-0772 (La.App. 4 Cir. 5/21/97), 700 So.2d 521. Appellate review of questions of law is simply to determine whether the trial court was legally correct or incorrect. Cangelosi v. Allstate Ins. Co., 96 0159, p. 3 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360. If the trial court's decision was based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Conagra Poultry Co. v. Collingsworth, 30,155, p. 2 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280, 1281-1282.
In the instant case, the trial court did not provide reasons, therefore we do not know the basis for its decision to deny the Motion to Stay. Considering the above stated standard of appellate review, however, we need only determine, from a review of the record, whether the trial court was legally correct or incorrect in denying the Motion to Stay.

ANALYSIS
The Louisiana Arbitration Law is set forth in LSA-R.S. 9:4201 through 4217. Louisiana courts look to federal law in interpreting the Louisiana Arbitration *1210 Law because it is virtually identical to the United States Arbitration Act, 9 U.S.C. §§ 1.14. Lakeland Anesthesia, Inc. v. CIGNA Healthcare of LA, Inc., XXXX-XXXX, p. 3 (La.App. 4 Cir. 2/6/02), 812 So.2d 695, 698. Firmin v. Garber, 353 So.2d 975, 977 (La. 1977).
La. R.S. 9:4201 provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
The FAA provides in 9 U.S.C. 2 that:
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole of any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
The Federal Arbitration Act, 9 U.S.C. § 1 et seq. (FAA), which was specifically adopted by the Arbitration Agreement Addendum at issue, establishes that as a matter of preemptive federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the issue at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Whether a claim is brought in state court or federal court, and whether a claim is based on state or federal law, courts must enforce arbitration agreements in contracts covered by the FAA, notwithstanding any state statutory or jurisprudential rules to the contrary. Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). See also, Collins v. Prudential Ins. Co. of America, 99-1423 (La.1/19/00), 752 So.2d 825, 827.
Louisiana courts have also recognized the heavy weight of this presumption, noting that as to issues of arbitrability, "even if some legitimate doubt could be hypothesized the Supreme Court requires resolution of the doubt in favor of arbitration." Rauscher Pierce Refsnes, Inc. v. Flatt, 93-1672, p. 4 (La.App. 4 Cir. 2/11/94); 632 So.2d 807, 810; Grote v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 96-551 (La. App. 3 Cir. 11/6/96) 682 So.2d 926; Freeman v. Minolta Business Systems, Inc., 29,655, p. 8 (La.App. 2 Cir.9/24/97), 699 So.2d 1182, 1187.

FIRST ASSIGNMENT OF ERROR
Royer asserts the trial court erred by failing to enforce the Arbitration Agreement because it was contained in a separate document from Bill of Sale and Agreement to Purchase. The Dufrenes maintain that the Arbitration Agreement Addendum is invalid because it was not contained in the Bill of Sale and Agreement to Purchase, nor did the Bill of Sale and Agreement to Purchase refer to or incorporate an arbitration agreement.
It is well established that there is no requirement under La. R.S. 9:4201 or the FAA that an arbitration agreement be contained in a single document in order to be considered part of the contract. Personal Sec. & Safety Systems, Inc. v. Motorola, *1211 Inc., 297 F.3d 388, 393 (5th Cir.2002); Bartley, Inc. v. Jefferson Parish School Bd., 302 So.2d 280 (La.1974). The incorporation of an arbitration clause by reference to another written contract is a suitable method of evidencing the parties' intent to arbitrate as long as the arbitration clause in the contract that is referred to has a "reasonably clear and ascertainable meaning." Woodson Const. Co. v. R.L. Abshire Const. Co., 459 So.2d 566, 569 (La.App. 3rd Cir.1984); Russellville Steel Co., Inc. v. A & R Excavating, Inc. 624 So.2d 11, 13 (La.App. 5th Cir.1993).
In the instant case, the Arbitration Agreement and its Addendum specifically incorporate by reference the Bill of Sale and Purchase Agreement. The Bill of Sale and Purchase Agreement does not reference the Arbitration Agreement or its Addendum. We can find no requirement that the Bill of Sale must reference the Arbitration Agreement. The jurisprudence established by our brethren in the Third and Fifth Circuit allow an arbitration agreement to apply if "an arbitration clause is incorporated by reference to another written contract." Woodson Const. Co., 459 So.2d at 569., Russellville Steel Co., Inc., 624 So.2d at 13. The Arbitration Agreement and its addendum state, "This Arbitration Agreement is executed contemporaneously with, and becomes part of the Retail Installment or Sales Contract.." The Arbitration Agreement and its Addendum are signed by the Dufrenes establishing their knowledge of its existence. It is therefore clear, as a matter of law, that a valid arbitration agreement existed between Royer and the Dufrenes. This assignment of error has merit.

SECOND ASSIGNMENT OF ERROR
Royer argues the trial court erred in holding that the Arbitration Agreement was unenforceable because Royer's delay in filing its Motion to Stay Proceedings until after the Dufrenes filed a Motion to Compel Discovery constituted a waiver. The Dufrenes dispute that the trial court ruled on the issue of waiver, asserting that they did not make that argument to the court. Because it is not clear from the record whether the trial court ruled on waiver, we will address that issue out of an abundance of caution.
Waiver of arbitration is not a favored finding, and there is a presumption against it. Rauscher, 93-1672, p. 4, 632 So.2d at 810. Yet, this court has found that Louisiana courts have determined, in spite of La. R.S. 9:4201's provision that an arbitration clause is irrevocable, a party's conduct can effect a waiver of its right to demand arbitration. Simpson v. Pep Boys-Manny Moe & Jack, Inc., XXXX-XXXX (La. 4 App. 4/10/03), 847 So.2d 617. See e.g. Thomas v. Desire Community Housing Corp., 98-2097, p. 7 (La.App. 4 Cir. 8/10/00), 773 So.2d 755, 759.
Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. Rauscher, 93-1672, p. 4, 632 So.2d at 810. The waiver of a party's right to require arbitration by instituting court action will depend on the circumstances of each case and whether the party indeed abandoned his right to insist upon arbitration by resorting to court procedure. Simpson, XXXX-XXXX, p. 7, 847 So.2d at 623. A party asserting waiver bears a heavy burden of proof to show that the opponent has waived a contractual right to arbitrate. Lorusso v. Landrieu Enterprises, Inc., 2002-2346, p. 6 (La.App. 4 Cir. 5/21/03) 848 So.2d 656, 659. The burden of proof to establish waiver of arbitration is heavy, and the party seeking to establish waiver must show that it has been prejudiced by the actions of the party requesting arbitration. Rauscher, 93-1672, p. 4, 632 So.2d at *1212 810. Neither the answering of a judicial demand nor a delay in filing a demand for arbitration alone necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party. Lorusso, 2002-2346, p. 6, 848 So.2d at 659.
In Thomas, this court again recognized that there is a strong public policy in Louisiana favoring the enforcement of arbitration clauses and also recognized that arbitration is a substitute for litigation and that its purpose is to settle disputes in a fast, inexpensive manner before a tribunal chosen by the parties. Thomas, 98-2097, p. 7, 773 So.2d at 759. This Court went on to apply the following test from Ritzel Communications, Inc. v. Mid-American Cellular Telephone Co., 989 F.2d 966, 968-969 (8th Cir.1993), to find waiver of the right to arbitration where the party claiming the right to arbitrate: (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts. Thomas, 98-2097, p. 8, 773 So.2d 760-761.
Applying the Thomas test to the facts of the instant case, we do not find that Royer waived arbitration. First, Royer knew of an existing right to arbitrate because they drafted the Bill of Purchase and the Arbitration Agreement Addendum. Second, Royer acted consistently with that right by filing the Motion to Stay pending the outcome of arbitration. They did not participate in the litigation process at length before asserting their right to arbitration. In Simpson, we found Pep Boys acted inconsistently by participating in litigation for two years, actively participating in discovery, prior to enforcing that right. Simpson, XXXX-XXXX, p. 9, 847 So.2d at 624. And finally, the opposing party was not prejudiced because Royer did not act inconsistently. The Dufrenes have only propounded interrogatories at the beginning of the discovery process. Royer had not answered the interrogatories causing the Dufrenes to file their Motion to Compel. There is nothing in the record to show that Royer's delay in seeking arbitration was unreasonable or that it prejudiced the Dufrenes. This assignment of error has merit.

CONCLUSION
In accordance with La. C.C.P. art. 2133, although the appellee raised issues in their original brief, we pretermit discussion of these issues because the appellee failed to file an answer to the appeal.
In light of the strong federal and state presumption in favor of arbitration, and applying the law to the facts of this case, we find that a valid arbitration agreement did exist between the parties. We hold that the trial court was legally incorrect in denying the stay order pending arbitration. Accordingly, we reverse the judgment of the trial court and grant the Motion to Stay Pending Arbitration in favor of Royer.
REVERSED.
PER CURIAM.
We grant the application for re-hearing to address issues omitted from the original opinion dated April 7, 2004. By mischaracterizing the appellee's "Response" as a "failure to answer", we incorrectly applied La. C.C.P. art. 2133. We issue this per curiam to discuss those issues.
The appellees raise three points to support the premise that the arbitration Addendum should not be enforced in the aforementioned case. The Dufrenes argue the arbitration agreement addendum is invalid because (1) it fails to comply with a requirement it be dated and signed by all parties, (2) the contract is adhesionary, and (3) the Magnuson-Moss Warranty Act, *1213 15 U.S.C. § 2301 et seq. precludes enforcement.[1] In its application for rehearing, the Dufrenes voluntarily discard the third contention, therefore we will not address the issue.
The Dufrenes have argued that the Arbitration Agreement Addendum is invalid because it was not signed by Royer. This court has held that La. R.S. 9:4201 does not require that the written agreement to arbitrate be signed by the parties. Hurley v. Fox, 520 So.2d 467 (La. App. 4 Cir. 1988), on remand, 559 So.2d 887 (La. App. 4 Cir. 1990). Absent a signature or a signing of an agreement, the effect or validity of the agreement may be shown by the actions and conduct by the parties. Cook v. AAA Worldwide Travel Agency, 352 So.2d 243 (La. App. 4 Cir. 1977), reversed on other grounds, 360 So.2d 839 (La.1978). The Dufrenes do not deny that they signed both the Bill of Sale and the Arbitration Agreement Addendum, thereby agreeing to its terms including the provision for arbitration. Royer filed a Motion to Stay Proceedings Pending Arbitration to indicate his intention to arbitrate. Therefore we find that Royer's failure to sign did not invalidate the agreement and Royer's action show the effect or validity of the agreement. The Dufrenes also argue the Arbitration Agreement itself requires all parties to sign the agreement. After a thorough reading of the Arbitration Agreement and its Addendum, we do not find such explicit requirement. This assignment of error lacks merit.
The Dufrenes further contend that the Arbitration Agreement Addendum was adhesionary. The Louisiana Supreme Court defined a contract of adhesion as a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Often in small print, these contracts sometimes raise a question as to whether or not the weaker party actually consented to the terms. Golz v. Children's Bureau of New Orleans, Inc., 326 So.2d 865, 869 (La.1976); Posadas v. The Pool Depot, 02-1819 (La. App. 1 Cir. 6/27/03), 858 So.2d 611. The mere fact that a contract contains an arbitration provision does not render it adhesionary. Sutton's Steel & Supply, Inc. v. Bellsouth Mobility, Inc., 00-511 (La. App. 3 Cir. 12/13/00), 776 So.2d 589, 596.
In fact, it is well settled that a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that she did not read it, that she did not understand it, or that the party failed to explain it to her. Tweedel v. Brasseaux, 433 So.2d 133 (La.1983); Stadtlander v. Ryan's Family Steakhouses, Inc. 34,834 (La. App. 2 Cir. 4/4/01), 794 So.2d 881.
As distinguished from the cases cited by the Dufrenes, we find that the language of the Arbitration Agreement Addendum is clear, that the print is not unreasonably small, and that the provisions of the arbitration are not unreasonably burdensome. Further, there has been no showing that the Dufrenes were placed in an unequal bargaining position, that they did not understand the agreement, or that they would have refused to purchase the mobile home had they been aware of the import of its terms. Clearly, the arbitration agreement in question does not meet the criteria of an adhesionary contract as set forth in the above jurisprudence.
We find the arguments are unpersuasive and maintain our reversal of the trial *1214 court's decision to deny Royer's motion to stay pending arbitration.
NOTES
[1] Both parties refer to a transcript, but no transcript is provided for in the record.
[1] Both parties address only the Arbitration Agreement Addendum. The arbitration agreement which is signed by all parties is in the record.