958 So.2d 708 (2007)
Ronnie M. LAMARQUE
v.
BARBARA ENTERPRISES, INC.
No. 2006-CA-1422.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2007.
Roy M. D'Aquila, Ronald J. Vega, Natalie R. Segura, D'Aquila, Volk, Mullins and Contreras, APLC, Kenner, LA, for Plaintiff/Appellant.
Daniel R. Martiny, Martiny & Associates, LLC, Metairie, LA, for Defendant/Appellee.
(Court Composed of Judge JAMES F. McKAY III, Judge MAX N. TOBIAS, JR., and Judge ROLAND L. BELSOME).
MAX N. TOBIAS, JR., Judge.
This suit arises from as a contract dispute between Ronald M. Lamarque *709 ("Lamarque") and Barbara Enterprises, Inc. ("BEI"). BEI was retained by Lamarque to do extensive renovations to his home in New Orleans.
The contract between Lamarque and BEI was confected on or about 24 May 2000. The contract provided for extensive renovations to Lamarque's home to be completed within one calendar year.[1] The contract was for $2,685,000 and provided that progress payments would be made by Lamarque to BEI in response to applications for payment made by BEI to the architect supervising the project, Charles Ward ("Ward"). The contract, a standard form contract of the American Institute of Architects ("AIA"), also contained a provision pertaining to mediation and arbitration of disputes between the parties to the contract. Specifically, Articles 4.5 and 4.6 of the contract provide as follows:
4.5 MEDIATION
3.4.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.
* * *
4.6 ARBITRATION
4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 4.5.
(Emphasis in original.) It is undisputed that during the summer of 2002, Lamarque was unhappy with the progress of the renovation project on his home. He mailed a "Notification of Breach and Termination for Cause" dated 19 August 2002 to Tara O'Meallie ("O'Meallie"), the owner of BEI, advising that BEI had breached the contract in a number of ways, including failing to perform the work in a workmanlike manner, using substandard materials, failing to properly supervise the work being done, failing to submit documentation of contracts with subcontractors, and failing to provide an accounting to Lamarque and Ward.
Lamarque filed suit in Civil District Court against BEI on 22 August 2002, alleging that BEI performed the renovations in a substandard fashion and did not have the appropriate expertise to perform the work in a proper and workmanlike manner. Lamarque further alleged that BEI was grossly negligent in performing the renovations, and specifically alleged that BEI committed fraud.[2] In particular, Lamarque alleged that BEI used substandard materials in its renovation work and refused to provide documentation as to the type and quality of materials used; *710 failed to properly supervise its employees and subcontractors; failed to complete the work in a workmanlike manner; failed to provide Lamarque or Ward documentation of amounts paid to its subcontractors and employees; failed to provide documentation of amounts expended in the renovation; failed to support payment applications with data substantiating the right to payment; failed to provide an explanation of how BEI formulated the percentages of completion in various payment requests; and failed to furnish new and good quality materials for the renovation process.
Lamarque also alleged that BEI committed fraud by requesting that subcontractors submit billings for work not yet performed. He alleged that as a consequence, he paid for work not yet performed and/or materials not yet purchased. He prayed for rescission of the contract with BEI, attorneys' fees, and damages for having to repair substandard work performed with substandard materials.
On 24 September 2002, BEI asserted a dilatory exception of prematurity on the grounds that the contract in question contained clauses mandating mediation and arbitration. On 8 November 2002, in response to the supplemental and amending petition for damages, another exception prematurity was filed on behalf of O'Meallie, incorporating by reference the previously-field exception of BEI. By judgment signed 11 March 2003, the trial court overruled the exceptions of prematurity. BEI and O'Meallie applied to this court for a supervisory writ on the denial of the exceptions, and we declined to grant the writ on the grounds that the trial court indicated that it would determine whether the contract was valid following discovery, and then would make a determination regarding the arbitration clause.[3]
BEI and O'Meallie filed an answer to the petition for damages as well as a reconventional demand against Lamarque. The reconventional demand alleged wrongful termination of the contract, alleging that BEI was not given any opportunity to cure any asserted deficiencies in its performance as required by the terms of the contract. BEI and O'Meallie also asserted a claim for lost profit and amounts still owing on the contract.
BEI and O'Meallie filed a motion for partial summary judgment and re-urged the exception of prematurity on 26 July 2005. The motion for partial summary judgment asserted that no genuine issue of material fact existed as to whether Lamarque was fraudulently induced into entering into the AIA contract. Because the allegations of fraud were the grounds on which Lamarque moved to have the contract voided ab initio, the exception of prematurity was re-urged on the grounds that absent a finding of fraud, Lamarque was bound by the arbitration clause in the contract and his petition for damages was premature. Lamarque opposed the motion and exception on the grounds that genuine issues of material fact were present as to representations made to him by O'Meallie as to the "expertise, knowledge, and skill" of BEI and that these misrepresentations constituted fraud. The motion and exception were heard on 10 March 2006.
Following the hearing, the trial court granted the partial summary judgment in favor of BEI and O'Meallie, finding that no issue of material fact existed as to whether Lamarque was fraudulently induced to enter *711 into the AIA contract. Further, the trial court sustained the exception of prematurity and stayed the case pending the outcome of arbitration proceedings. Lamarque filed a motion for new trial, which was heard on 5 May 2006. By judgment dated 30 May 2006, the trial court denied the motion for new trial as to BEI, but granted the motion for new trial with respect to those claims brought by and against O'Meallie, insofar as he was found to not be a party to the arbitration agreement.
Lamarque appealed the judgment of the trial court, assigning two errors. First, Lamarque asserts the trial court erred by granting the motion for partial summary judgment and in sustaining the exception of prematurity, which stayed the proceedings against BEI pending the outcome of arbitration. Second, Lamarque asserted that the ruling of the trial court prevented him from introducing evidence as to fraud and whether or not he was fraudulently induced into entering into the AIA contract.
As an appellate court, we are bound to review a summary judgment de novo under the same criteria that governed the district court's consideration of whether summary judgment was appropriate. Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342, 345 (La. 1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. A motion for partial summary judgment may be granted when no genuine issue of material fact exists as to a particular issue, theory, cause of action, or defense; however, a partial summary judgment does not dispose of the case in its entirety. La. C.C.P. art. 966(E). The summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2).
The issue on which the partial summary judgment was sought was that of fraud. Fraud is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. C.C. art.1953. Fraud must be proved by a preponderance of the evidence, although it may be proved with circumstantial evidence. La. C.C. art.1957.
In the present matter, BEI and O'Meallie submitted the deposition of Lamarque in support of its motion. Lamarque testified that he approached his interior designer, Joe Morrow, about renovating his home. Morrow recommended an architect for the project, Charles Ward. Ward was charged with lining up contractors for the project, and he recommended BEI. Lamarque had no knowledge of BEI prior to Ward's recommendation, and he did not recall asking for references. Further, he was not aware of the selection criteria utilized by Ward, and did not know how many bids were placed on the project.
Lamarque admitted that at no time prior to the signing of the contract did O'Meallie represent to him that he had done renovation work of the scope and magnitude of his renovation project. Further, he did not recall that O'Meallie had ever told him that he had done similar work in the past. He first became aware that perhaps BEI was not up to the job when his barber advised him that O'Meallie had a questionable track record in construction and that BEI's specialty was concrete and not home building. Nevertheless, *712 the renovation project went forward.
In opposition to the motion for partial summary judgment, Lamarque submitted a letter dated 10 April 2000, in which O'Meallie told Lamarque that he was pleased to have been approached by Ward with the plans for the renovation and was excited to bid on the project. He goes on to say that he "almost found the project overwhelming" but that Ward "was able to calm [him] down." He acknowledged the scope of the project, and advised Lamarque that it would be the largest project BEI would work on for that year. He closed stating that he believed that BEI had "the incentive and drive to make this project a huge success for all parties involved."
We agree with BEI and O'Meallie, however, that the letter is not a material misrepresentation of BEI's expertise and capabilities. In fact, the letter suggests that this renovation project is larger than BEI is accustomed to handling; O'Meallie remarks at the size of the project and cost involved and even intimates that he was almost dissuaded from bidding on the project. Further, he notes that he was approached to submit a bid by Ward, who had been retained by Lamarque to oversee the project and to select the contractors to perform the work. The letter relied upon by Lamarque to show fraud instead is full of clues to Lamarque that O'Meallie and BEI might not be seasoned in home renovations or construction of the scope and magnitude for Lamarque's project.
Therefore, the evidence put forth by the parties in support of and in opposition to the motion for partial summary judgment preponderates to show that no genuine issue of material fact exists as to whether O'Meallie fraudulently induced Lamarque into signing the contract. As such, we find that the AIA contract is a binding contract and that the arbitration clause contained within is a valid contract term.
Next, we address the dilatory exception of prematurity lodged by BEI and O'Meallie. The only ground for this exception is that the contract required that the parties arbitrate their disputes prior to filing suit in a court of law. If the parties are required to submit this dispute to arbitration, then the exception was properly sustained.
Arbitration is favored in Louisiana. Louisiana Revised Statute 9:4201 provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement is to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
Lamarque has attempted to have the contract invalidated on the grounds that error vitiated his consent to the terms of the contract. However, as discussed supra, we are not persuaded.
Lamarque has also asserted as an argument against enforcement of the arbitration agreement that it was not contained in the actual contract that he signed. Instead, it was only incorporated by reference. Therefore, Lamarque contends that he did not agree to the arbitration provision as a term of the contract. Louisiana courts have held that no requirement exists that an arbitration clause be contained in a single document in order to be part of a contract, but can instead be incorporated by reference. Dufrene v. HBOS Mfg., 03-2201, p. 5-6 (La.App. 4 Cir. 5/28/04), 872 So.2d 1206, 1210-11. *713 The arbitration clause need only have a "reasonably clear and ascertainable meaning." Dufrene, p. 5, 872 So.2d at 1211, quoting, Woodson Const. Co. v. R.L. Abshire Constr. Co., 459 So.2d 566, 569 (La. App. 3rd Cir.1984). Further, a party is deemed to know the contents of a written instrument he signed and cannot avoid his or her obligations by claiming he or she did not read it or was not aware of its contents. Aguillard v. Auction Management Corp., 04-2804, p. 22 (La.6/29/05), 908 So.2d 1, 17. Further, if a party is not aware of the contents of the instrument he or she signed, he or she must establish "with reasonable certainty that [he or she has] been deceived." Id. at p. 23, quoting, Tweedel v. Brasseaux, 433 So.2d 133, 137 (La.1983).
In the present matter, insufficient evidence is put forth by Lamarque to show that he was deceived by O'Meallie or that BEI or O'Meallie committed fraud. While Lamarque argues that he deserves the opportunity to have this issue tried on the merits, he did not carry his burden in opposing the motion for partial summary judgment, even after discovery that had been ongoing. To suggest that he might prevail at a full trial is unsubstantiated.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
BELSOME, J., Concurs in the Result.
NOTES
[1] The contract was apparently re-confected in May 2001 to provide an extension of the term of the renovation.
[2] Subsequently, on 13 September 2002, Lamarque amended his petition for damages to include a cause of action against O'Meallie, alleging that O'Meallie colluded with BEI in its allegedly fraudulent behavior.
[3] See, Lamarque v. Barbara Enterprises, Inc., 03-0575, unpub. (La.App. 4 Cir. 3/26/03), writ denied, 03-1001 (La.4/9/03), 840 So.2d 1222.