985 So.2d 728 (2007)
NCO PORTFOLIO MANAGEMENT INC.
v.
Bertram GOUGISHA.
No. 07-CA-604.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
Order Granting Rehearing January 24, 2008.
*729 Gregory M. Eaton, Linda L. Lynch, Attorneys at Law, Baton Rouge, Louisiana, for Plaintiff/Appellee.
William G. Cherbonnier, Jr., Gretna, Louisiana, and Steve R. Conley, Covington, LA, and Garth J. Ridge, Attorneys at Law, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Bertram Gougisha, appeals a default judgment in favor of Plaintiff, NCO Portfolio Management, Inc. (NCO) confirming an arbitration award. We affirm.
In April of 2007, the Plaintiff filed a petition to confirm an arbitration award for a credit card debt of $19,514.40 allegedly owed by the Defendant to MBNA America Bank, N.A. The Defendant filed for an extension of time to file responsive pleadings in order to obtain an attorney. He was given until May 30, 2007, but failed to respond within the time provided. On June 26, 2007, the Plaintiff obtained a default judgment confirming the arbitration award, plus 9.5 percent interest and costs.
On appeal, the Defendant contends that the trial judge erred in granting a default judgment because the Plaintiff failed to present competent evidence of an underlying contract in which the Defendant agreed to submit to arbitration.
The right to arbitration arises from private contract, and is enforceable through both the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., and the Louisiana Arbitration Law (LAL), La.R.S. 9:4201 et seq. In determining whether the parties have agreed to arbitrate the dispute in question, the court must consider (1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement. Always present in the analysis is the strong federal policy favoring arbitration which requires resolution of any ambiguity in favor of arbitration. PaineWebber Incorporated v. The Chase Manhattan Private Bank, 260 F.3d 453, 462 (5th Cir.2001). Because this involves a credit card pursuant to a transaction in interstate commerce, and the agreement on the facsimile credit card contract filed by the Plaintiff so provides, the FAA, 9 U.S.C. §§ 1-15 applies in this case. Nevertheless, under both the FAA and LAL, in order to confirm the award, a copy of the agreement must be filed with the petition. See: 9 U.S.C. § 13(a); La.R.S. 9:4214(1).[1]
*730 In this case, the arbitrator made a factual finding that the Defendant executed a valid agreement to arbitrate. The reviewing courts are required to confirm an arbitration award in the absence of an order vacating, modifying, or correcting the award that is brought within three months after the award is filed or delivered. See: 9 U.S.C. Sections 9, 10, 11, 12. But, the existence or validity of an agreement to arbitrate is decided under ordinary state-law principles that govern the formation of contracts. See: Fleetwood Enterprises, Inc. v. Gaskamp, 280 F.3d 1069, 1073 (5th Cir.2002).
No motion to vacate or modify the award was made by the Defendant within three months following the award. The objection here was not made until the award was confirmed through the default judgment. Although we are empowered to decide the contract issues in an arbitration arena, the Defendant's challenge to the validity or proof of the existence of a contract must be made timely. The Defendant had three months after the filing or delivery of the arbitrator's award to challenge the contract. In addition, he could have objected to the arbitration on that basis prior to the arbitration hearing. Since he failed to do so, the trial judge in the default proceedings was limited to confirming the judgment in light of the documents submitted, including the arbitrator's factual finding that the Defendant had a credit card contract in which he agreed to arbitration, and that he owes the creditor the amount awarded. Right or wrong, that finding is final for purposes of the confirmation, regardless of whether it was obtained via a default or ordinary judgment. To find otherwise would provide a jurisprudential exemption from the time limit that is unintended by the arbitration laws. In light of the Defendant's untimely challenge to the contract, we find that the trial judge did not err in confirming the award and granting a default judgment.
Accordingly, the judgment confirming the arbitrator's award is hereby affirmed.
AFFIRMED.

REHEARING GRANTED FOR CONSOLIDATION AND REHEARING
We grant rehearing in conformity with the attached order to consolidate this case with cases No. 07-CA-884 & No. 07-CA-882 for the purposes of en banc consideration.
/s/ Greg G. Guidry
Judge Greg G. Guidry
/s/ Marion F. Edwards
Judge Marion F. Edwards
/s/ Susan M. Chehardy
Judge Susan M. Chehardy

ORDER CONSOLIDATING CASES FOR EN BANC HEARING AND CONSIDERATION
On the Court's own motion, the above entitled cases are hereby consolidated for the purposes of en banc consideration. The oral argument in these matters is scheduled for March 6, 2008 at 11:00 a.m. in Courtroom "A". The parties are instructed to brief, for the Court's consideration, the issue of whether the purported arbitration agreement between the parties is valid, binding, and enforceable. Appellants will file their briefs with the Court on or before February 7, 2008. Appellees will file their responsive brief with the Court on or before February 22, 2008. All parties *731 will file an original and ten (10) copies of each brief.
/s/ Edward A. Dufresne, Jr.
Chief Judge Edward A. Dufresne, Jr.
NOTES
[1] The issue of which law applies is of little consequence. Pursuant to the Louisiana Supreme Court decision in International River Center v. Johns-Manville Sales Corp., 02-3060, p. 6 (La.12/3/03), 861 So.2d 139, 143, the Federal Arbitration Act, 9 U.S.C. 1, et seq., is "a collection of statutes which is very similar to the Louisiana Binding Arbitration Law," R.S. 9:4201, et seq. In Dufrene v. HBOS Manufacturing, LP, 03-2201, p. 3 (La. App. 4 Cir. 4/7/04), 872 So.2d 1206, 1210, the fourth circuit noted that the federal and state acts are "virtually identical." See also: Easterling v. Royal Manufactured Housing, LLC, 07-192 (La.App.Cir.6/6/07), 963 So.2d 399, 402-403.