NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-672 consolidated with 21-792

SOUTH LA. CONTRACTORS, LLC

VERSUS

KRAUS CONSTRUCTION, INC., ET AL.

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2021-0351
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Elizabeth A. Pickett, Candyce G. Perret, and Jonathan W. Perry, Judges.

AFFIRMED.

**Emile Joseph, Jr.**
**Robert A. Robertson**
**Allen & Gooch**
**Post Office Box 81129**
**2000 Kaliste Saloom Rd, Suite 400**
**Lafayette, LA 70598-1129**
**(337) 291-1330**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **South LA Contractors, LLC**

**Billy E. Loftin, Jr.**
**Loftin & LeBlanc, LLC**
**410 E. College Street, Suite A**
**Lake Charles, LA 70605**
**(337) 310-4300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
   **Kraus Construction, Inc.**
   **Cincinnati Insurance Company**

**PERRET, Judge.**

The plaintiff, South LA Contractors, LLC ("South LA"), appeals from a trial court judgment sustaining a dilatory exception of prematurity filed by defendant, Kraus Construction, Inc. ("Kraus"), based on a finding that South LA's claims are subject to arbitration.[1]  For the following reasons, we affirm the trial court judgment.

**FACTS:**

On August 21, 2020, Kraus, as the general contractor, entered into a contract with Beauregard Parish School Board to construct a classroom building addition for the South Beauregard Elementary School, located at 12380 Highway 171, Longville, Louisiana 70652.  South LA was the subcontractor on the project and the Cincinnati Insurance Company ("Cincinnati Insurance") provided the statutory labor and material payment bond to Kraus in connection with the project.

On May 20, 2021, South LA filed a Petition for Monies Due, Enforcement of Lien and Breach of Contract against Kraus and Cincinnati Insurance seeking to recover amounts outstanding and owed for work performed on the project.  South LA alleges it "entered into a Subcontract Agreement with Kraus Construction and served as a subcontractor to Kraus Construction" and that it "agreed to provide the necessary labor, equipment, and materials associated with the demolition, site work and drainage work at a lump sum cost of One Hundred Ninety-Eight Thousand One Hundred Seventy and 25/100 ($198,170.25) Dollars."  South LA avers that Kraus has an outstanding balance of $135,660.02 and that Kraus and Cincinnati Insurance

---

[1] The dilatory exception of prematurity filed by defendant, the Cincinnati Insurance Company, was denied.

are liable, in solido, for all sums due to it in connection with the materials and services provided by it.

On July 21, 2021, Kraus and Cincinnati Insurance filed a Dilatory Exception of Prematurity asserting that South LA's claims are premature because it agreed to arbitrate the claims alleged in its petition against Kraus pursuant to a written and signed arbitration agreement. In support of the exception of prematurity, defendants attached a copy of the "Standard Form of Agreement between Contractor and Subcontractor," which was signed by Kraus and South LA on November 10, 2020.

On September 8, 2021, South LA filed an opposition to defendants' exception of prematurity arguing that the arbitration provision is ambiguous because the "Arbitration Rules of Better Business Bureau" do not exist. Additionally, South LA argues it does not have a signed arbitration agreement with Cincinnati Insurance.

After a hearing on September 16, 2021, the trial court found there was a binding arbitration agreement between Kraus and South LA and dismissed the claims against Kraus, without prejudice. The exception of prematurity filed by Cincinnati Insurance was denied.

The trial judge provided the following oral reasons for granting Kraus's exception of prematurity:

THE COURT:

> Okay. The Court finds that there is a binding arbitration agreement, I believe that there are -- the contract calls them the "Arbitration Rules of Better Business Bureau."
>
> . . . .
>
> I don't think the general interpretation of contracts is so technical that because it's called the rules of arbitration, rather than arbitration rules, as the contract for arbitration calls for between these parties that throws the whole document out and throws the whole binding arbitration out. So, I'm going to rule that there is binding arbitration and the except[ion]

2

of prematurity as to Kraus Construction Inc. is granted and I'm going to stay these proceedings pending that arbitration. As to the Cincinnati Insurance Company, I'm simply going to stay the proceedings pending the results of the arbitration, because as stipulated between the parties, the Cincinnati Insurance Companies liability arises out of any liability of Kraus Construction.

. . . .

And I think that contracts are to be given ordinary common sense meaning and if the parties call something arbitration rules and the technical title of the document is Rules of Arbitration, I believe legally those are one in the same thing. I think that the law requires that you give the words of a contact their normal common sense meaning and not so hyper technical that you would say that that's not the same thing.

Now whether it specifically applies every provision of it to this dispute, I don't disagree that it's generally was perhaps a poor choice of rules picked in a construction contract between a contractor and sub-contractor as opposed to a buyer and seller in a typical store front business. I don't dispute that but I don't find that's reason enough to throw out the arbitration.

On October 7, 2021, the trial court signed a written judgment in accordance with its oral ruling.

Thereafter, South LA filed both an application for writs and an appeal from the trial court's ruling. Because the ruling at issue constitutes a final appealable judgment as it determines the merits of the case, this court, on January 10, 2022, granted the writ application "for the limited purpose of ordering the consolidation of the writ application with the appeal[.]" *See* La.Code Civ.P. art. 1841.[2]

On appeal, South LA assigns the following three assignments of error:

1. The trial court abused its discretion and/or committed legal error in sustaining Defendant's exception of prematurity, dismissing [South LA's] claims without prejudice, finding the parties are obligated to arbitrate their disputes in accordance with the Subcontract Section 11 titled "Disputes."

---

[2] Louisiana Code of Civil Procedure Article 1841 states that "[a] judgment that determines the merits in whole or in part is a final judgment."

2. The trial court abused its discretion and committed legal error when it failed to find that Section 11 of the Subcontract was ambiguous negating its application?

3. The trial court abused its discretion and committed legal error when it adopted the BBB "Rules of Arbitration -- Post Dispute" and ruled these rules would govern the arbitration between the parties.

**STANDARD OF REVIEW:**

In *Abshire v. Belmont Homes, Inc.*, 04-1200, pp. 7-8 (La.App. 3 Cir. 3/2/05), 896 So.2d 277, 283, *writ denied*, 05-862 (La. 6/3/05), 903 So.2d 458 (second and fourth alterations in original), this court addressed the proper standard for reviewing a trial court's judgment sustaining an exception of prematurity based on an arbitration provision, stating, as follows:

> The dilatory exception of prematurity is provided for in La.Code Civ.P. art. 926(A)(1), and its function is to raise the issue that a judicial cause of action does not yet exist because of some unmet prerequisite condition. *Blount v. Smith Barney Shearson, Inc.*, 96-0207 (La.App. 4 Cir. 2/12/97), 695 So.2d 1001, *writs denied*, 97-0952, 97-0970 (La. 5/30/97), 694 So.2d 246, [694 So.2d] 247. "It usually is utilized in cases where the law or a contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action," and "[t]he exceptor has the initial burden of showing that an administrative remedy was available, thus making the judicial action premature." *Id.* at 1003. Thus, the burden is upon [the defendant] to establish that a valid and enforceable arbitration agreement exists. *See id.* In determining whether a party is bound by an arbitration agreement, we apply ordinary contract principles, and a party cannot be required to submit to arbitration a dispute that he has not agreed to submit. *Tresch v. Kilgore*, 03-0035 (La.App. 1 Cir. 11/7/03), 868 So.2d 91. Whether a court should compel arbitration is a question of law. *Dufrene v. HBOS Mfg.*, 03-2201 (La.App. 4 Cir. 4/7/04), 872 So.2d 1206. Therefore, "[a]ppellate review of questions of law is simply to determine whether the trial court was legally correct or incorrect." *Id.* at 1209.

Thus, in the matter *sub judice*, the issue as to whether or not the trial court properly maintained the exception of prematurity hinges on a question of law – whether the trial court was legally correct in its finding that Kraus established that a valid and enforceable arbitration agreement exists between it and South LA.

4

**DISCUSSION:**

The Louisiana Arbitration Law "reflects a legislative policy favoring arbitration as a tool for speedy resolution of contract disputes[,]" and states that provisions for arbitration "in valid contracts shall be irrevocable." *Willis-Knighton Med. Ctr. v. S. Builders, Inc.*, 392 So.2d 505, 507 (La.App. 2 Cir.1980). In support of this policy, Louisiana has enacted the Louisiana Binding Arbitration Law, which is found at La.R.S. 9:4201 - 4217. Louisiana Revised Statutes 9:4201 provides:

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

"[T]he threshold inquiry is whether the parties have agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Traders' Mart, Inc. v. AOS, Inc.*, 52,592, p. 8 (La.App. 2 Cir. 4/10/19), 268 So.3d 420, 427, *writ denied sub nom.*, *Trader's Mart, Inc. v. AOS, Inc.*, 19-694 (La. 10/21/19), 280 So.3d 1165 (internal citations omitted).

In this case, Kraus provided the written and signed agreement between it and South LA that contained an arbitration clause under article eleven, which states (emphasis added): "DISPUTES. **Any controversy or claim** between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, **shall be settled by arbitration** conducted in accordance with the Arbitration Rules of Better Business Bureau currently in effect unless the parties mutually agree otherwise."

5

The parties agree that there is an arbitration clause in their contract; however, South LA argues that because there are no such rules titled "Arbitration Rules of Better Business Bureau," the arbitration provision is ambiguous and thus, not binding. Although the parties and the trial judge acknowledged at the hearing that there are Better Business Bureau Rules titled "Rules of Arbitration – Post Dispute," South LA argues that these are not the same as "Arbitration Rules of Better Business Bureau."

Louisiana Civil Code Article 2045 provides the "[i]nterpretation of a contract is the determination of the common intent of the parties." "The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself, and not assumed." *Prejean v. Guillory*, 10-0740, pp. 6-7, (La. 7/2/10), 38 So.3d 274, 279. As stated in La.Civ.Code. art. 2046, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Further, "[c]ontracts must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties." *Lambert v. Maryland Cas. Co.,* 418 So.2d 553, 559 (La.1982).

In this case, we find the language used in the "Standard Form of Agreement Between Contractor and Subcontractor," signed by the parties on November 10, 2020, to be clear and reflects the parties' intent to submit any dispute arising out of the contract to an arbitrator. We also find the dispute at issue arises from the contract between the parties and is, therefore, an issue referable to arbitration. As stated previously, Louisiana law reflects a strong legislative policy that favors arbitration and the jurisprudence dictates that "[a]ny doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration." *Woodson Constr. Co., Inc. v.*

*R.L. Abshire Constr. Co., Inc.,* 459 So.2d 566, 569 (La.App. 3 Cir. 1984). We also find jurisprudence supports the trial judge's oral reasons wherein he states that a court must ascertain the common intent of the parties rather than adhering to the literal sense of the terms. *See Polozola v. Garlock, Inc.*, 343 So.2d 1000 (La.1977).

For these reasons, we affirm the trial court judgment sustaining the exception of prematurity in favor of the defendant, Kraus Construction, Inc. ordering the claims asserted by South LA Contractors, LLC to arbitration. All costs of this appeal are assessed to the plaintiff, South LA Contractors, LLC.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.